S.0FUIN, Judge,
 

 after stating the case, proceeded : The deeds made by the father are among the exhibits, and are so d< feciively drawn as to be wholly inoperative» Besides hat, the depositions show,, that those deeds were obtained from the old man
 
 in extremis,
 
 and under circumstances which completely invaliua.e them. It was a gross and unfeeling imposition on the father’s weakness. They are not, the shadow of a title for the Defendants y but constitute cogent evidence against them. Had the bill been differently framed, those
 
 (beds
 
 might have furnished a specific ground of relief. If they had been held up by the sons as a title
 
 ;
 
 if that pretence induced
 
 George Green
 
 not to defend the
 
 sei.fa.
 
 upon th * idea that his wife and he h«d no interest, or even led hint, in doubt of that, interest, to compromise and receive a sum of money, in ignorance of the facts attending their execution, it would be a fraud on him, as well as his wife, which .Equity would r emove out of their way. But the bill brings forward no stub equity. Tin* deeds are not even mentioned in it. The first we hear of them is in the answer. They were not registered until 1819, affer this suit was Urgum They do not seem, if known to
 
 Green
 
 and wife, to have been acted on by them, or to have influenced their conduct in tire feast, it is impossible for the Court fe proceed on a
 
 ground
 
 not taken in the bill, or to relieve an equity not raised by the party. We cannot say those deeds had the least influenre on the ■Tuotift’s conduct, or her husband’s, when she is altogether silent
 
 on
 
 that bead.
 

 
 *503
 
 ihc evidence proves, very satisfactorily, the, payment
 
 '.y'í
 
 ¿he sum *>f g400 to
 
 Green.
 
 Both t!m bill asid tlse an-swr»- leave the time at large, But the depo'driiM'S prove, tb.it -the contract was made, ai.d the p.;y«iep1w, after
 
 Cm Px
 
 judgment, and the purchase of the iwd by the km ill ro. It is clear too. íuat 1 hi whole
 
 v.us
 
 with the ks.-wvledp* and consent of the Plaintiff, 5 he, in fact, "mide tee. bargain ; ami the payment w:--a in p>ovif,ioiia ib? tfit- í'..:;ur-. The Defendant*!-. Coimscl bss endeavor) il to si Hid ots this utTattgcuieul of the vite’ :, net construe?. Sin- present suit into a fraud, which shed! bar nil relnf, or make the land a security, at least, for the money ad* Tiinced.
 

 The contracts of a married wokisiií, except as to her
 
 separate
 
 property, are held, alike in Equity, as id LjjWj to be void. She can be bound as to her land in only two 'ways: by her deed duly executed by her privy examina-tiou. or by the judgment or decree of a Court. Bor deed is a formed legal co'.veyabce ; in favor or against: which there is no equity. Ir siands upon its strength in Law. If it is not perfect, wo cannot help it hero. An ag?cement, no matter upon what ronuidcratior, by a married woman, is an absolute nullity in every Court fS’e do not take notice, Ike efore, of m y pameipatlon ots her part in the family arrangement. I-ior ran the Court allow her husband to. treat for the sals «fíy-r land, and t-ontrue a conveyance of it without her ascent, obtained -according to the act of Assembly, under the pretence of a judgment and judicial salo.
 

 We do not lay dow w the rule, that the husband is bound ¿o p .y the debts of bis wife’s laud; that lie is icq- -My hound to advance money oui e,f his own pocket, to discharge debts of his wife’s ancestor. Do piay sutler 2aml to he sold. But a Court cannot hold out temptations to him to betray bis wife’s interests, and commit a '«each of his marital duties. If be will not move to save Mi» vdfe-’s ft'ecíinbi» we caneot kelp it But Sts must, at»?;
 
 *504
 
 j]e kept back by another, and for the sake of mutual gain,, He shall not look out for gain at his wife’s expense ; and he who prompts him to it, shall not profit by if. it is ^afcen j,p f;>ear? ffiaf ¡f the husband and brotiiers combined to defeat the wife, it is a fraud upon her, and every thing done under it must he set aside. But the mere negligence of the husband is the wife’s misfortune, not the fault of others. Married women are bound by judgments at Law, as much as other persons, with the single exception of judgments allowed by the fraud of the husband, in combination .with another. If cannot be. said, that when a woman becomes
 
 discovert,
 
 the ground of judgment during coverture must be re-proved by the creditor, or even that the judgment must be set aside, if she nan show; that it ought not to have been recovered. That is not the kind of fraud that will avoid it. Something else must appear, besides the judgment being unjust. That «as a thing, that might have been shown oil the trial at Law; and therefore cannot, by itself, be heard now. She must charge and prove, that she was prevented from a fair trial at Law, by collusion between, her adversary and her husband, preceding or at the triah Here there is no evidence to that effect. The husband was served with process, and never stirred in the business. But not the slightest, communication between any of the parties is spoken of, until after, the sale under execution. Then, a witness says, the Plaintiff and her husband expressed their sense, of the wrong done them ; and then the brothers agreed to make compensation. It is true, the Plaintiff afterwards urged her husband to sue, and he refused; saying, that she had got the worth of her land; and ought to be content. But that is nothing; for what could he do then ? In fine, the only equity which a married woman has against a judgment, which other people have not, is, that she has been deprived of full defence by the contrivance of her adversary. This cannot be the case without the fraudulent collusion of the
 
 *505
 
 husband. This is not shown by the mere inaction of the husband, or even that and a just defence. There must be a dealing on the part of the adversary also. Else he is not to blame, and will not be made to suffer the consequences of her making a bad choice of her husband. It is precisely like the husband letting the statute of limitations run against the wife. It binds her.
 

 The evidence is far from establishing satisfactorily, that there were personal assets $ ami the debt of
 
 Curl
 
 is admitted in the bill. If however the other parts of tine case were made out, an account of the assets would he ordered. The want of them would he conclusive against the bill. Their sufficiency would be material only on the question of collusion ; hut to that point they would bo very important, as a circumstance. But that is not of itself sufficient. I repeat, there must he a combination not to defend. Otherwise, the wife cannot open the case, and carry it back, to have it retried at law. I think it very probable, (fho’ there is no allegation or proof, eren to that,) that
 
 Green
 
 withheld a defence to
 
 Curl’s
 
 debt upon the same motive, which induced the sons to desire a,judgment on it, namely, from apprehension of the large unjust debt of
 
 Stringer.
 
 But suppose that: and the Plaintiff is then to he looked on, rather as a party to
 
 that
 
 fraud, than the object or victim of it. It was not directed against her, but the creditor, ami is good as against the parties and all else but creditors. The purpose was not to take the land from the Plaintiff, and test it in the brothers, but to defeat
 
 Stringer.
 
 But even that is not the case before us : which is one altogether without collusion, as relates to the Plaintiff’s husband ^ and without a communication of any sort, or at, any time as to
 
 Holstein.
 

 Ham, Judge.
 

 — -It appears in this case, from the evidence, that a legal title to the land became vested ire
 
 William
 
 and
 
 Samvel Branton,
 
 the brothe.es of the Plain
 
 *506
 
 tiff, as stated in the hill: that the process by which ifc was sold, as far as relates to the Plaintiff, was regular and legal. There does not apirear to have been any fraud, collusion or combination, to defraud the Plaintiff by the Defendants and the husband of the Plaintiff, who had it in his power to defend her interest. If there were assets to discharge the debts of the intestate, there was ample opportunity to do so, on tire return of the
 
 scire facias,
 
 on which judgment was obtained for the sale of the land.
 

 Per Curiam.
 

 Let the bill bo dismissed with costs-