G. P. DOUGHERTY v. J. W. SPRINKLE and wife.

*Married   Women, contracts  of—Equity—Jurisdiction— Pleading.*

1. An action against a married woman, upon a promise to pay for work done on premises owned and held as her separate estate, is not cognizable in the court of a justice of the peace. Such court is a common law court, and its jurisdiction does not therefore embrace causes of an equitable nature.

2. At law, she cannot bind herself personally, and hence her contract will not be enforced against her *in personam*, but equity will so far recognize it as to make it bind her separate estate, and will proceed *in rem* against it; such estate, being regarded as a sort of artificial person created by the courts of equity, is the debtor and liable to her engagements.

3. The complaint, in an action upon the contract of a married woman, must

DOUGHERTY v. SPRINKLE.

allege that she is possessed of a separate estate, and that the contract is such as the statute renders her competent to make, and that it is for her advantage.

(*Fisher* v. *Webb*, 84 N. C., 44; *Murphy* v *.McNeill*, 82 N. C., 221; *McAdoo* v. *Callum*, 86 N. C., 419; *Lutz* v. *Thompson*, 87 N. C., 334; *Green* v. *Branton*, 1 Dev. Eq., 500; *Pippen* v. *Wesson*, 74 N. C., 437; *Huntley* v. *Whitner*, 77 N. C., 392, cited, commented on and approved.)

CIVIL ACTION tried at January Special Term, 1882, of MECK-LENBURG Superior Court, before *Bennett, J.*

Verdict and judgment for plaintiff; appeal by defendants.

*Mr. Platt D. Walker,* for plaintiff.
*Messrs. Jones & Johnston,* for defendants.

RUFFIN, J. The single question presented in this appeal is, whether the court of a justice of the peace can entertain an action against a married woman, brought upon a promise to pay for work done upon premises owned and held as her separate property.

In *Fisher* v. *Webb*, 84 N. C., 44, a doubt was expressed as to whether that court had jurisdiction of any cause arising *ex contractu* against a *feme covert;* but as the point did not directly arise in that case, and was not necessarily involved in its decision, it was not intended to conclude it. It was, therefore, fairly open to the plaintiff to be raised, as he has seen fit to do, in the present case.

Further reflection, however, and a more particular examination into the precedents, ancient and modern, serve to confirm us in the impressions we then had, and make it clear to our own minds, at least, that no such jurisdiction can be exercised by the court of a justice of the peace, seeing that, according to all authorities, his is but a common law court, and that his jurisdiction does not embrace causes of a peculiarly equitable nature. See *Fisher* v. *Webb, supra; Murphy* v. *McNeill,* 82 N. C., 221; *McAdoo* v. *Callum,* 86 N. C., 419; *Lutz* v. *Thompson,* 87 N. C., 334.

At law, a *feme covert* is incapable of making a contract of any sort, and any attempt of hers to do so is not simply voidable, but absolutely void. If, however, she be possessed of separate property, a court of equity will so far recognize her agreement as to make it a charge thereon. But, even in that case and in that court, her contract has no force whatever as a personal obligation or undertaking on her part.

It is said in *Green* v. *Branton,* 1 Dev. Eq., 500, that the promise of a married woman, except as it may affect her separate property, is held alike in equity and at law to be void, and that there is no court but what regards her promise, merely as such, to be a nullity.

In *Hulme* v. *Tenant,* 1 Brown C. C., 16, LORD THURLOW declared that he knew of no instance in which a contract of a *feme covert* had been held to warrant a personal decree against her, and that the only result of an action against her could be "to fetch forth her separate property and make it liable to her engagements."

The rule laid down in 2 Story's Eq. Jur., § 1397, and which the author says is in conformity with all previous decisions, is, that at law, a married woman cannot bind herself personally, and that not even a court of equity has power to enforce a contract against her *in personam;* but that if she have separate property, the court may proceed *in rem* against it.

Pollock, in his work upon Contracts, 69, says, that a word is needed to express just what that is, which in the case of a person *sui juris* would be a *contract,* but, in the case of a married woman, cannot be a contract, because it creates no personal obligation even in equity; and he adds, "that the separate estate is regarded as a sort of artificial person created by the courts of equity, and represented by the beneficial owner as an agent with full powers, somewhat in the same way as a corporation sole is represented by the person constituting it for the time being; and as a contract made by the agent of a corporation can bind nothing

but the corporate property, so the engagement of a married woman can bind nothing but her separate estate."

Carrying out this same idea, it was declared in *In Re Grissell*, L. R., 12 ch., D. 484, that it was a fallacy to suppose that a married woman is a debtor, because she is liable to have proceedings taken against her to obtain satisfaction of a debt out of her separate estate; for that, "it is not the woman, as a woman, who becomes the debtor, but her engagement has made her property, which is settled to her separate use, a debtor, and liable to satisfy the engagement."

The very nature of the pleadings, in an action of this sort, seems to point to such a conclusion.

In *Francis* v. *Wigzell*, 1 Madd., 258, the VICE-CHANCELLOR declared that inasmuch as a *feme covert* could not contract generally, she could not be sued generally, as any other defendant; but that it was necessary, in order to render her liable, that the bill should aver that she was possessed of separate property and had so contracted as to charge it. Accordingly, in that case, the bill was dismissed, because it failed to allege the existence of a separate estate, and, instead of seeking to charge a particular fund, sought to charge the defendant personally.

There can be no question made that, as our courts were originally constituted, with their functions as courts of law and courts of equity kept distinct, the entire jurisdiction of actions brought to enforce satisfaction of the engagements of *femes covert* was committed to the equity courts, to the exclusion of the others whose judgments are always *in personam*, and could not be otherwise, owing to their very organization.

Nor was there any change wrought in this particular by the alterations made in our court system under the constitution of 1868, or by the adoption of the statute known as the *married woman's act*. It was in reference to these very alterations and the effect of the statute, that the court declared in *Pippen* v. *Wesson*, 74 N. C., 437, and *Huntley* v. *Whitner*, 77 N. C., 392, that no deviation from the common law had been produced

thereby, as respects either the power of a *feme covert* to contract, the nature of her contract, or the remedy to enforce it; that as a contract, merely, her promise is still as void as it ever was, with no power in any court to proceed to judgment against her *in personam;* and that it was only through the equitable powers of the court that satisfaction of her engagements could be enforced as against her separate estate, and then only in case they were seen to be for her advantage.

The nature of the pleadings is substantially the same as under the former system of our courts, and it is essential, in order to establish a right to a special judgment against her separate estate, that the complaint should show, not only that she has such estate, but that her promises are such as by the statute she is rendered competent to make. It was for the want of just such allegations, and because the complaint demanded a personal judgment against the *feme* defendant in *Pippen* v. *Wesson, supra,* that the demurrer was sustained and the action dismissed. The mandate of the statute, too, that whenever an execution may issue against a married woman it shall direct the levy and collection of the amount of the judgment against her from her separate property, and not otherwise (C. C. P., § 259), presupposes that all these requisites appear of record, and that the existence of such separate property is fixed by the judgment.

Our conclusion therefore is, that the action is outside of the jurisdiction of the justice in whose court it began, and that the same must be dismissed.

Error.                                        Dismissed.