"Is the defendant indebted to the plaintiff, as alleged? If (176) so, how much?"
The plaintiff, in support of the issue on her part, offered testimony tending to prove that the testatrix sent for her; that she went to her home and remained there, doing the cooking, washing and house work for testatrix, and some outdoor work, from February, 1885, to May, 1888 — about three years and three months — and that in August, 1886, testatrix was married to the defendant, who is now her administrator, and that the services rendered by her were reasonably worth one dollar per week; and further, that testatrix, about a week after plaintiff went to her house, told her if she would stay with her she should be paid for her services.
And in further support of said issue, plaintiff introduced testimony tending to show that she continued to live with the testatrix after her marriage to defendant, serving as before, and that after said marriage testatrix became an invalid, was confined to her bed for a year, had to be lifted up and down, and that she (the plaintiff) during said time did all the waiting upon her. It was admitted that testatrix of defendant died in 1889, and left a last will and testament, the execution of which was committed to the defendant, as administrator with the will annexed.
The defendant also introduced evidence.
The plaintiff insisted that the alleged promise to pay for her services was a continuing contract, and that she was entitled to recover for the whole time she remained with testatrix, and as well the time after her marriage with Cox as before.
The defendant insisted that if she was entitled to recover at all, she could not recover against testatrix from the time of her marriage with Cox, but must look to her husband. His Honor instructed the jury, among other things, as follows, to wit: (177)
"If the plaintiff went there at the request of testatrix to work for her, and testatrix promised to pay her for her services, she is entitled to reasonable wages, and if those services were for the necessary expenses and support of the family, and were continued after the marriage, under a contract to be paid for her services, she will be entitled to recover in this action for the whole time." *Page 150 
To this part of the charge the defendant excepted. Verdict and judgment for the plaintiff. Appeal by defendant.
If the testatrix, while a feme sole, had contracted with plaintiff for services for a definite period, the marriage of the testatrix before the expiration of such time would not impair the obligation of the antenuptial contract, and plaintiff could have recovered in an action before a magistrate compensation (if not more than $200) for the whole period, although part of the services were rendered after marriage. The Code, sec. 1823; Hodges v. Hill, 105 N.C. 130. But when the contract is for no specified time, the obligation to pay arises as the services are rendered. Marriage having changed the status of the employer, her liability, in such case, for services rendered after marriage, depends upon whether expressly, or by necessary implication, she charged her separate estate with payment for such services. Farthing v. Shields, 106 N.C. 289. And that can only be determined in an action brought in the Superior Court. Dougherty v.Sprinkle, 88 N.C. 300.
Per Curiam. Error.
Cited: Beville v. Cox, 109 N.C. 269; Cotton Mills v. Cotton Mills,116 N.C. 649; Harvey v. Johnson, 133 N.C. 363.
(178)