The plaintiffs brought two actions before a justice of the peace on 23 April, 1890, against the defendants A. L. Gooch and E. C. Gooch, trading as A. L. Gooch Co., one to recover $167.20 and interest from 14 October, 1889, and the other to recover $82.20, with interest from 12 November, 1889, due by open account.
The defendants did not appear at the trial, except by counsel, who said, as defendants were not present and he had just been retained, he would enter all defenses to which they might be entitled, and judgments were rendered against them, from which they afterwards appealed to the Superior Court, and the defendant E. C. Gooch gave an undertaking to stay execution on appeal.
In the Superior Court the plaintiffs moved to dismiss the appeal, because the notice of appeal served referred to only one judgment, and that as having been rendered 23 April, 1890, whereas two judgments were rendered, and both of these on 24 April and none on 23 April. His Honor overruled the motion, and plaintiffs excepted. Thereupon a jury trial was waived in both cases, and both cases were tried as one by his Honor, by consent of the parties.
Plaintiffs proved their claims, and when the constable went to levy the execution obtained on his judgments upon the stock of goods of the defendants, they were claimed by defendant E. C. Gooch, and (505) then introduced the following correspondence:
BALTIMORE, 3 October, 1889.
MR. A. L. GOOCH, Dabney, N.C.
DEAR SIR: — We respectfully ask you to make a statement of your financial condition by answering the questions on the other side as a basis of credit for any present or future transaction you may have with us. PATTERSON, RENSHAW Co.
Received 11 October, 1889.
The questions and answers were answered entirely by A. L. Gooch, there being no evidence that E. C. Gooch knew anything about them. Plaintiffs also proved that this statement had been made and delivered to plaintiffs by defendant A. L. Gooch, and that the goods, the price of which was here sued for, were sold to defendants on the faith of this statement, and rested his case. *Page 359 
The defendants' counsel then stated that they would make no objection to judgments being entered against A. L. Gooch, but offered to show that defendant E. C. Gooch was a married woman, the wife of A. L. Gooch. Plaintiff objected to this evidence, because the plea of coverture, not having been set up in the justice's court, ought not to be allowed to be set up in the Superior Court, or that it was, at most, in the discretion of his Honor to allow it, or not, to be set up, and that this was the third term since the appeal had been docketed. His Honor held that he had no discretion in the matter and was bound to admit the plea and receive the evidence, as it appeared from the return to the notice of appeal that defendants' attorney had put in before the justice of the peace all defenses to which defendants might be entitled. Plaintiffs (506) excepted. Defendants then proved that A. L. Gooch and E. C. Gooch were husband and wife, and were so on and since 3 October, 1889. Plaintiffs insisted that, the defendants being husband and wife and partners in trade, the husband was, as partner, the agent of the wife, and, as such agent and partner, had power to bind her, and that the letter to plaintiffs was such written consent to her entering into the contract as the statute law requires; that it would be a fraud upon creditors to allow her, after such representations on the part of her husband, plainly implying that she was either a man or a feme sole, to set up the defense of coverture; that the statutes and law against a feme covert binding herself, and against her being sued in the court of a justice of the peace, do not apply to a case like the present, where she is engaged with her husband as a partner in trade, and, when sued on a debt contracted by representations that she was a man, or feme sole.
His Honor was of opinion that the action could not be maintained against the defendant E. C. Gooch on account of her coverture, and plaintiffs, having excepted to his rulings, assigned the same as error, and appealed.
The plaintiff contends that the statement set out in the record is in effect a written consent on the part of the husband, and, the nature of the contract being such as necessarily to imply a charge upon the wife's personal estate, that the feme defendant is liable by virtue of The Code, sec. 1826. We need not decide how that may be, for if we concede that it is so, the remedy cannot be sought in a court of a justice of the peace.Dougherty v. Sprinkle, 88 N.C. 300; Farthing v. Shields, 106 N.C. 289. *Page 360 
(507) The cases cited by the appellant in support of his position that it was in the discretion of the court below to allow or refuse the plea of coverture because not made at the first term (Neville v. Pope,95 N.C. 346, and Vick v. Pope, 81 N.C. 22) only go to the extent that after judgment it is too late for the coverture to be set up, unless there has been excusable neglect, mistake, fraud, or the like.
Nor will the principle laid down in Burns v. McGregor, 90 N.C. 225, that it would be a fraud to let the feme defendant keep the goods and set up the defense of coverture against an action for recovery of the price of them, avail the plaintiff, for it is not shown that the feme defendant, or the firm of which she is a member, now has in possession any of the goods for the price of which this action is brought, nor is this an action of claim and delivery for the specific goods. It was competent for the judge to refuse to dismiss the appeal. Marsh v. Cohen, 68 N.C. 243; Richardsonv. R. R., 82 N.C. 243.
Per Curiam.
No error.
Cited: Cotton Mills v. Cotton Mills, 116 N.C. 649; McLeod v. Williams,122 N.C. 458; Harvey v. Johnson, 133 N.C. 360; Rutherford v. Ray,147 N.C. 260.