W. W. GREEN, Administrator of W. W. Green, v. E. A. BALLARD et al.

*Married Woman— Void Judgment—Coverture Appearing in Pleadings.*

When the fact of the coverture of a woman appears in the complaint or other pleadings in an action on a promise to pay money, she not being a free-trader, nor having specifically bound her separate estate for its payment, a personal judgment rendered therein against her is a nullity and will be set aside on motion.

This was a motion by the defendant, Mrs. E. A. Ballard, to set aside a judgment against her, heard before *Battle, J.,* at *Chambers*, by consent, as of April Term, 1894, of FRANKLIN Superior Court.   The motion was refused and the

defendant appealed.    The facts appear in the opinion of
Chief Justice Faircloth.

*Mr. F. S. Spruill*, for plaintiff.
*Messrs. Shepherd & Busbee* and *N. Y. Gulley*, for defend-
ant (appellant).

Faircloth, C. J.:   Prior to 1889 a special proceeding
was instituted in Franklin Superior Court, by the admin-
istrator of W. W. Green, against his heirs-at-law, includ-
ing the defendant E. A. Ballard and her husband W. H.
Ballard, to sell land for assets.    A sale was ordered and
commissioners to sell were appointed, who sold, and the
defendant E. A. Ballard bought a part of the land and gave
her personal note to the commissioners for the purchase
price with the written consent of her husband, and said sale
was confirmed.    The purchaser having defaulted in pay-
ment of said note, the commissioners caused a notice, treated
as a complaint in this branch of the case, to issue to E. A.
Ballard and her husband that said commissioners would
ask the Court for an order to resell the land and for judg-
ment against them on said note for the balance due thereon
after a credit for her share of the proceeds of the sale, and
E. A. Ballard and her husband accepted service of the
notice without waiver of legal rights.    E. A. Ballard and
her husband failed to appear or make any defence to said
motion, and at November Term, 1889, a decree to resell
the land and a judgment was entered for the balance on
the note against defendant E. A. Ballard and her husband,
in favor of said commissioners, and W. H. Ballard, the
husband, died in March, 1890.    In 1892, and within one
year after she had actual knowledge of the terms and pro-
visions of the last named judgment,  she  instituted this
proceeding to set aside the judgment rendered against her

116—10

GREEN *v.* BALLARD.

at November Term, 1889, which was refused and she appealed.

It sufficiently appears from the notice, treated as a complaint, on which the judgment at November Term, 1889, was entered, that the defendant E. A. Ballard was then a *feme covert*, and the question is presented whether the judgment against her on the note was a nullity and void, and can now be set aside on her motion. At common law a married woman has no capacity *pleni juris* to enter into contracts binding on her personally or to affect her separate estate, and can only do so in cases declared by the Courts of Chancery and by the provisions of our Constitution of 1868 and the marriage Act, under certain conditions, none of which are present in this case. The principle was well stated in *Pippen* v. *Wesson,* 74 N. C., 437, and the instances and requisites for subjecting a married woman's separate estate to satisfy her contracts were pointed out and have been followed in numerous decided cases in this State. See *Daughtery* v. *Sprinkle,* 88 N. C., 300. If the defendant had pleaded her coverture by answer or otherwise, it is conceded that no personal judgment could have been entered against her, and the plaintiffs insist, as no such plea was filed, that the judgment is valid, and rely on *Vick* v. *Pope,* 81 N. C., 22, and *Neville* v. *Pope,* 95 N. C., 346, in support of their contention, as the Court refused, on motion of the *feme covert* defendant, to set aside the judgment, but on inspection we find that no complaint or other pleading was filed in either case, so that the coverture did not appear to the Court.

Where the fact of coverture appears in the complaint, or notice as in our case treated as a complaint, it is expressly and directly held in the following cases that a personal judgment is a nullity and void, and may be set aside at any time by motion of the *feme* defendant, although no plea or

---

answer was filed. *Griffith* v. *Clarke*, 18 Md., 457; *Higgins* v. *Peltzer*, 49 Mo., 152; *Swayne* v. *Lyon*, 67 Pa. St., 436.

In *Baker* v. *Garris*, 108 N. C., 218, the coverture appeared from the complaint and answer also, and the judgment was refused, and it was insisted, upon the authority of *Vick* v. *Pope, supra*, that coverture must be pleaded and the Court said : "This is undoubtedly true, for when the disability does not appear upon the face of the complaint, the plea must of course be by way of answer, as otherwise the fact of coverture can never be known."

It is the fact of coverture, appearing to the Court in the record, that will not permit a personal judgment to be entered against the *feme covert* on her simple contract to pay money, and we can see no reason why it should not have the same effect, whether it appeared in the complaint or in the answer, and we are of opinion that His Honor erred, and that he should have set aside the personal judgment against E. A. Ballard, and it is so ordered.

This disposition of defendant's second exception renders it unnecessary to consider her first and third exceptions.

Reversed.