HANOVER NATIONAL BANK v. R. P. HOWELL, et al.

*Feme    Covert—Contract—Married    Woman's    Separate Estate—Conflict of Laws.*

Where a married woman domiciled in this State makes a contract solvable in another state, her liability therein can be enforced in our Courts only in the same cases in which it could be enforced if the contract was solvable in this State. (*Armstrong* v. *Best*, 112 N. C., 59, approved.)

This was a CIVIL ACTION, tried at April Term, 1895, of WAYNE Superior Court, before *Starbuck, J.,* and a jury.

It was admitted that the plaintiff was entitled to judgment against the defendant, R. P. Howell. The following issue was submitted to the jury:

What is plaintiff entitled to recover of the defendant, Ella D. Howell?

It was in evidence that on the 15th day of May, 1893, the plaintiff was a National Bank duly incorporated and engaged in the business of banking in the city of New York, state of New York.

It was further in evidence that the defendant Ella D. Howell was at the said time and is now a married woman and the wife of the defendant R. P. Howell and that she together with her said husband then resided and has since continuously resided in Goldsboro, North Carolina.

It was further in evidence that on the said 15th day May, 1893, the defendants R. P. Howell and Ella D. Howell, for a valuable consideration, executed and delivered to the plaintiff their note in the following words and figures, to-wit:

$1,500.                                    May 15, 1893.

Four months after date we promise to pay to the order

of The Hanover National Bank of New York fifteen hundred dollars at Hanover National Bank, New York.

. Value received.          (Signed)

R. P. HOWELL,
ELLA D. HOWELL.

That the defendant, Ella D. Howell, signed the same as the surety of the said R. P. Howell; that the said defendants signed the said note at their residence in Goldsboro, North Carolina, and it was sent to plaintiff, in the city of New York, to be discounted there, and that the same was ·discounted by the plaintiff at its place of business in New York, and the amount of the same, less the discount, applied to the credit of the defendant, R. P. Howell.

It was further in evidence that at the time of the execution of the said note the plaintiff knew that the defendant, Ella D. Howell, was a married woman, and that she executed the said note as surety, and that she resided in North Carolina. ·

It was admitted that the statute in force in the state of New York, at the time of the signing of the said note by the defendant, Ella D. Howell, being Chapter 381 of the Laws of 1884, reads as follows:

(The statute is set out in the opinion of Associate Justice CLARK.)

His Honor charged the jury that in no aspect of the evidence was the plaintiff entitled to recover against the defendant, Ella D. Howell, and directed them to answer the issue submitted, "Nothing."

Plaintiff excepted.    Verdict in accordance with his Honor's instructions, and from the judgment thereon plaintiff appealed.

*Messrs Aycock & Daniels*, for plaintiff (appellant).
*Mr. W. C. Munroe*, for defendants.

CLARK, J. : In *Pippen* v. *Wesson*, 74 N. C., 437, 445, it is said, " The Legislature may abolish all the incapacities of married women, and give them full power to contract as *femes sole*. The question is, Has it done so ? " The Court proceeded to answer the question by holding that the Legislature had not done so and that in a case exactly like the present the *feme covert* had incurred no legal liability by her signature to a similar obligation, it not being for her benefit nor charged upon her separate estate. That case has been held ever since to be the settled law in North Carolina.

The plaintiff contends that this case does not come under the rule because the note was payable in New York, and that by the laws of that state a married woman is liable upon an obligation like the present. The law in force there is as follows, being Ch. 381, Acts 1884, of New York :

" Section I. A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate. be necessary.

" Section II. Provided that this act shall not apply to any contract that shall be made between husband and wife."

Whether the adoption of a similar statute here would not cure many abuses which now exist and would not be more in accordance with the liberal intent of the constitutional provision as to married woman (Art. X., Sec. 6) is a matter addressed to the judgment of the Legislature. Our statute is still the same that was in force when *Pippen* v. *Wesson* was decided.

But it was earnestly and ably contended by the counsel for appellant that, though our policy in this regard is settled until our statute shall be changed, this contract

118—18

being solvable in New York, the liabilities of the married woman, though resident here, must be enlarged to the extent of the New York statute. But her liability is sought to be enforced in our courts and against her property within the jurisdiction of this state, and under our present statute by our precedents judgment cannot be given against her, since a judgment would be a charge upon her real estate (if she has any), and she cannot charge it except upon privy examination. *Farthing* v. *Shields*, 106 N. C., 289 ; *Thompson* v. *Smith*, *Ibid.*, 357. Nor can the plaintiff recover against her because the complaint neither alleges that she has separate property nor describes it, and it is admitted that the debt was not incurred for her benefit and is not charged on her estate. *Dougherty* v. *Sprinkle*, 88 N. C., 300 ; *Flaum* v. *Wallace*, 103 N. C., 296 ; *Baker* v. *Garris*, 108 N. C., 218 ; *Green* v. *Ballard*, 116 N. C., 144.

But it is unnecessary to discuss the subject further since the point now in issue was fully considered in the very careful and well considered opinion delivered by SHEPHERD, C. J., in *Armstrong* v. *Best*, 112 N. C., 59, in which case the authorities were cited and reviewed, and it was held that where a married woman domiciled in this state makes a contract solvable in another state her liability thereon can be enforced in our courts only in the same cases in which it could be enforced if the contract was solvable in this state.

Affirmed.