W. B. WINDLEY v. J. T. SWAIN AND WIFE.

(Filed 24 March, 1909.)

1. **Deeds and Conveyances—Coverture—Judgments—Liens.**

When title to a tract of land was in the husband, and one had a judgment for $200 against the husband for the purchase money, duly docketed, and, the wife having instituted an action against the husband and the holder of the judgment to establish for herself and children an interest in the land, by reason of the fact that she had aided in the purchase of the same, a decree by consent was entered declaring the judgment to be in full force and effect to the amount of $100, and adjudging that the husband convey to the wife a certain interest in the property, this conveyance was subject to the judgment lien for the purchase money to the extent of $100, and on sale of the land to enforce collection of the judgment the purchaser acquired the title.

2. **Deeds and Conveyances—Judgment—Jurisdiction—Coverture.**

A judgment of a court having jurisdiction of the cause and the parties against a married woman on her contract, made during coverture, will be set aside, on direct application, when it appears by the pleadings that she was under coverture at the time the contract was made, though the defense of coverture was not formally pleaded, but it is binding upon her while it stands as the formal and final deliverance of the court.

3. **Deeds and Conveyances—Lands—Title—Purchase Price—Coverture—Judgment in personam.**

Under the facts and circumstances of this case, the consent judgment recognizing the validity of a former judgment rendered against the husband for balance due upon purchase price for land to which the title was in him, and adjudging an interest in the

WINDLEY *v.* SWAIN.

land in the wife on account of payment made by her with her own funds, and decreeing a balance due thereon a lien upon the land, whether the second judgment was *in personam* against her, *Quære.*

4. Judgments, Entire—Rights Under—Estoppel—Coverture.

A *feme covert*, claiming an interest in lands under a decree of court, cannot assert her claim thereto under one clause of an entire judgment and repudiate a lien upon it declared and established by another clause thereof.

5. Pleadings—Action for Possession of Lands—Married Women— Equities.

When the complaint in an action to recover lands contains the ordinary allegations, and the answer a general denial, the pleadings are not sufficient to sustain an equity set up in favor of a *feme* defendant, arising by reason of coverture, in transactions concerning lands.

ACTION to recover a tract of land, tried before *Guion, J.,* and a jury, at October Term, 1908, of BEAUFORT.

The proceedings in the court below, and the exceptions noted for error by defendant, appearing in the case on appeal, are as follows: The defendant J. T. Swain filed no answer. It was admitted by defendant Martha A. Swain that the defendant J. T. Swain had the legal title and possession at the time of the judgment taken against him by A. D. MacLean, subject as between her and said J. T. Swain to such estate as she might be entitled, as set out in her complaint, filed 1 November, 1904, in her suit against him, R. T. Hodges, sheriff, and A. D. MacLean. The plaintiff introduced the record, consisting of summons, judgment, transcript of judgment, and execution, in the case of A. D. MacLean v. J. T. Swain, and the entire record, except the affidavits and exhibits in the subsequent case of Martha A. Swain v. J. T. Swain, R. T. Hodges and A. D. MacLean.

The plaintiff also introduced a deed from the sheriff, by virtue of the execution sale, as above set out, to plaintiff, regular in form and execution, and admittedly conveying to plaintiff in fee simple.

It is admitted that defendant is now in possession, and by plaintiff that defendant, at the time of rendition of the above judgments, and now, was and is a married woman and not a free trader. Plaintiff rested.

Defendant moved for judgment as of nonsuit, and requested the court to charge the jury that plaintiff was not entitled to recover and to answer the issue "No." The court refused the motion and the said prayer. Defendant excepted. First exception.

The court then charged the jury, if they believe the evidence, to answer the issue submitted, to wit, "Is plaintiff the owner and entitled to the possession of the land described in the complaint?" "Yes." Defendant excepted. Second exception.

The jury answered the issue "Yes," and there was judgment thereon, to which defendant excepted and appealed to the Supreme Court. Third exception.

Appellant groups her exceptions and assigns error thereon as follows:

Exception 1: The refusal of the court to nonsuit the plaintiff, on all the evidence, for that the judgment in Martha A. Swain v. J. T. Swain, R. T. Hodges and A. D. MacLean did not warrant the sale of the land under execution issuing therefrom, as plaintiff in said cause was under coverture and said judgment was void as to her.

Exceptions 2 and 3: For same cause and upon same ground.

*Small, MacLean & McMullan* for plaintiff.
*Ward & Grimes* for defendants.

HOKE, J., after stating the case: On the trial it was made to appear that, on 30 August, 1904, a judgment was obtained in a justice's court against the male defendant for $200 and interest, the summons and judgment reciting that it was for the purchase money of the land in controversy, and same was duly docketed in the Superior Court of Beaufort County the day following, 31 August. A *ven. ex.* issued, in the form provided by the statute (Revisal, sec. 627), and the property was advertised by the sheriff, when the *feme* defendant instituted her action in the Superior Court of Beaufort County against her husband, J. T. Swain, the plaintiff in the judgment, and the sheriff, and filed a complaint, alleging, in substance, that she and her husband had bought this property for a home, and that, of the balance due for purchase money, $150, the male defendant had paid

nothing, but that she herself had paid the debt down to $50, which last sum her husband had paid off with his own money, and there was nothing due for the purchase money of the land, and they did not owe the plaintiff in the judgment anything, except for professional services, and the entire proceedings was a scheme on the part of her husband and the plaintiff in the judgment to deprive herself and children of their home, and asked that the sale be restrained and her own and children's rights in the property declared and established. These allegations were fully denied by the parties charged, and at December Term, 1905, the cause coming on for hearing, the same was compromised and adjusted, and pursuant thereto judgment was entered as follows:

"This cause coming on to be heard at December Term, 1905, before his Honor, *Thomas J. Shaw, Judge* presiding, the parties being present in person, with their attorneys: It is now, by consent of both parties, given in open court, considered and adjudged that the matters in controversy, as recited in the pleadings, be settled and adjudicated as follows: That the defendant J. T. Swain execute a deed to his children, George S. Swain, Mary M. Swain, Jesse T. Swain and David Sylvester Swain, conveying to them and their heirs, in fee simple, the lot or parcel of land described in the deed from C. S. Doughty and wife to J. T. Swain, recorded in the register's office of Beaufort County, in book 93, pp. 352-353, which is hereby referred to, saving and reserving unto the said Martha A. Swain and J. T. Swain, jointly, an estate for the remainder of their natural lives in the said land and for the life of the survivor of them. Upon failure of defendant to execute such deed, this judgment shall operate as a conveyance in lieu thereof.

"It is further ordered that the judgment against the property referred to in the pleadings be reduced to $100, together with such interest and costs as have accrued thereon, and that the same is declared in full force and effect.

"It is further ordered that each party pay his or her proper costs of this suit, to be taxed by the clerk, and that the temporary restraining order heretofore granted be dissolved.

"Thos. J. Shaw,

"*Judge Presiding.*"

Default having been made in the payment of this judgment of $100, a *ven. ex.* was issued, in proper form, the property sold, and the plaintiff in the present suit became the purchaser and took a deed for the property, which is the title under which he makes the present claim. On these facts the Court is of opinion that the plaintiff was entitled to recover the property, and the ruling of his Honor below to that effect should be sustained.

It was objected chiefly on part of *feme* defendant that, inasmuch as it appears on the face of the record that *feme* defendant was and is a married woman, no valid judgment could be obtained against her, and that the same should not be allowed to stand. There are decisions in this State to the effect that when it appears on the face of the pleadings that a defendant was a married woman at the time a contract was entered into, and judgment *in personam* has been entered against her, the same will be set aside on direct application, though the defense of coverture was not formally pleaded. *Green v. Ballard,* 116 N. C., 144, cited with approval in *Moore v. Wolfe,* 122 N. C., 711. It was not required in these cases to decide whether such a judgment was void or only voidable, and in that event effective until set aside, where innocent third parties were concerned. And there are well-considered decisions with us to the effect that while a judgment against a married woman stands as the formal and final deliverance of a court having jurisdiction of the causes and the parties, the same is binding upon her. *Grantham v. Kennedy,* 91 N. C., 148; *Vick v. Pope,* 81 N. C., 22; *Greene v. Branton,* 16 N. C., 504.

There is doubt, however, if the principle referred to in these authorities is involved here at all; for, in order to uphold his title, the present plaintiff is not required to resort to any judgment *in personam* against the *feme* defendant, and he has made no effort to do so. The title to the property was in the husband of *feme* defendant, and the creditor had a valid judgment against the husband, duly docketed and showing on its face that it was for the purchase money. Nothing has ever occurred to destroy or weaken the binding force of this judgment to the amount of $100 and interest, the amount outstanding when the sheriff's sale took place; on the contrary, in the suit instituted by the *feme* defendant to establish the interest of herself and children

in this property the consent decree recognizes the validity of this judgment and declares, in express terms, in reference to it: "It is further ordered that this judgment be reduced to $100, together with such interest and costs as have accrued thereon, and that the same is declared in full force and effect." The judgment further directs that the husband shall execute a deed to the children of these parties, in fee simple, subject to a life estate reserved to the husband and the wife and the survivor of them. Under and by virtue of this judgment against the husband, which has always been a binding lien upon the land, the lot was sold and the present plaintiff became the purchaser, and, in our opinion, as stated, the sheriff's deed, made under and by virtue of this sale, conveyed to him a good title.

No evidence has ever been offered which shows or tends to show that any separate estate of the *feme* defendant has ever been invested in this property, and even the allegations to this effect in her original suit against the creditor and her husband in regard to this matter are very vague and unsatisfactory. On the contrary, as will be noted in the case on appeal, the *feme* defendant, under a general denial in the answer, rests her claim on the rights arising to her under and by virtue of the very decree we are now asked to ignore and set aside. This decree, as we have seen, recognizes the validity of the judgment under which the present plaintiff purchased, and no principle of law or equity would require or permit that the *feme* defendant should assert her claim to the property under one clause of an entire judgment and repudiate a lien upon it declared and established by another.

Even if there were facts presented giving indication of an equity in her favor, the same could not be entertained on the present pleadings, which, as stated, contains the ordinary allegations in an action to recover land and a general denial on the part of defendant. *Webb v. Borden,* 145 N. C., 188; *Buchanan v. Harrington,* 141 N. C., 39.

There is no error, and the judgment below is affirmed.

No Error.