J. C. BUSHNELL v. J. R. BERTOLETT and Wife, Mamie T.
Bertolett.

(Filed 7 December, 1910.)

**Married Women—Executory Contracts—Separate Realty—Charge—
Husband's Written Consent.**

A married woman's separate real estate is not responsible for
damages arising from the breach of her written agreement of
purchase of personal property, though the husband had given his
written consent.

APPEAL from *Councill, J.,* at the May Term, 1910, of HEN-
DERSON.

Civil action heard upon demurrer to the complaint. His
Honor overruled the demurrer and defendant appealed.

The facts are sufficiently stated in the opinion of *Mr. Justice
Brown.*

*Smith & Schenck* for plaintiff.
*Charles F. Toms* for defendant.

BROWN, J. This action is brought for the purpose of charg-
ing the estate of the *feme* defendant with the sum of $330.75 for
a breach of contract in refusing to take and pay for a lot of apple
trees. The defendant accepted and paid for $40.00 worth of
trees and refused to accept and pay for the others. The follow-
ing is the alleged contract or order for the trees.

Memo. of Apple Trees—Season 1907-8.
800 Delicious apple trees.
600 Stamen winesaps.
600 Grimes golden.
450 Rome Beauties.
  5 Jonathan.
  5 Senators.
  5 Benoni.
  5 Livland Raspberry.
  5 Jeffries.

(Signed)    MRS. J. R. BERTOLETT.

Assuming for the sake of argument that the husband con-
sented in writing to the above order, yet the contract is one that

cannot be enforced against the *feme* defendant and his Honor should have sustained the demurrer.

This is in conformity with a uniform line of decisions many in number beginning with *Harris v. Jenkins,* 72 N. C., 183, and ending with *Bank v. Benbow,* 150 N. C., 782.          Reversed.

CLARK, C. J., dissenting.   This Court held in *Brinkley v. Ballance,* 126 N. C., 396 : "An examination of the Constitution, Art. 10, sec. 6, and of the statute, Code, 1826, shows no foundation for the 'charging' of the wife's property as laid down in some decisions of a former Court."   It was further said :   "The wife admits she got the goods and of the value charged.   She got them on an order written by husband as agent, and he signs his name."   The Court proceeds to intimate that this was the husband's written consent under Code, 1826, and hence "the contract is valid and binding on the wife, and in holding that no recovery could be had against her, nor against either her personal or real property, there was error."   This is direct authority for the action of the judge below.

It is true that there are numerous authorities to the contrary, but the most diligent research has not yet found any statute which authorizes or requires that a wife "charge her property in equity."   The result of this "judicial legislation" has been the complicated status of our law as to married women which requires four pages of fine print in Professor Mordecai's Table set out in 128 N. C., 431-434.

In *Ball v. Paquin,* 140 N. C., 89, *Judge Connor* says :   "In the absence of controlling decisions to the contrary, we should unanimously hold that she (the wife) could make all manner of contracts with the written assent of her husband, and that for breach of them her property was liable as if she were a *feme sole.*   The cases which came to this Court during the years 1868-1876 clearly indicate that such was the construction of the statute by the profession and laymen."   And in the same case, on page 96, he said :   "We hope that the subject of the powers and rights of married women in respect to their property and contracts, may attract the attention of the General Assembly and be brought into harmony with the best modern thought and conditions."

In *Vann v. Edwards,* 135 N. C., 661, *Walker, J.,* in a very full and clearly expressed opinion holds that under our Constitution a "married woman may dispose of her property by gift or otherwise without the assent of her husband except in a conveyance of the realty." As the power to contract is much less than that of disposing of property, it is an anomaly that there should be any restriction upon a married woman's right to contract. The statute, however, Revisal, 2094, does require the husband's assent in some cases, but dispenses with it in many others.

But there is no statute to be found, which, in any case whatever, restricts a married woman from contracting *with* the assent of her husband nor which requires her to "charge her property in equity." As the Court said in *Ball v. Paquin, supra,* we would hold, unanimously, that these are not required, but for the decisions which have been rendered to the contrary. In *Ball v. Paquin, supra,* in *Bank v. Howell,* 118 N. C., 273, and in other cases, this Court has suggested that the Legislature bring the status of the law as to married women into conformity with the spirit and the letter of the Constitution of 1868. After a lapse of 42 years, it is to be hoped that this will be done, in view of the anomalous condition of the law on the subject and the repeated suggestions of the Court.