Ruffin, C. J.
 

 The Court is of opinion, that there was no -error in refusing the instructions prayed by-the defendant’s counsel, or in those which his Honor gave to the jury. The contract of sale, from which the bond sued on had its origin, was made and completed in Alabama; and the money, which -the purchaser engaged to pay to the seller, would, if not paid when due, thereafter bear interest at the rate ,of 8 per cent ;1 it not being stipulated by the parties, that the payment should be in any other place. 'For it is an undoubted principle of law, that, not only the validity of a contract depends on the
 
 ■lex loci
 
 contractus, but its effects, including the right of the creditor to interest aud its amount, depend also on it. The only question in this case, then, is, which is
 
 \he locus contract-us,
 
 so as to apply to this transaction the above mentioned principle. We think clearly, that it is Alabama. Beyond question that is true of the original contract, namely, that of the purchase, sale and delivery of the negroes. And “ the
 
 rate of interest
 
 which the debtor should pay is
 
 a part of that ■contract”
 
 so that taking a new security here, expressing that the rate of interest should be at 8 per cent, or including therein 8 per cent, for interest accrued, (unless it be a new contract for further forbearance granted here,) would not be in. viola
 
 *594
 
 tion of our law, but would be valid.
 
 McQueen v. Burns,
 
 1 Hawks 476. Such is even the case, when a loan is made in
 
 one
 
 country, and a subsequent collateral
 
 security is taken
 
 on Real Estate in another.
 
 De Wolf
 
 v.
 
 Johnson,
 
 10 Wheat. 367. Much more must that be true, when the security taken in a foreign place is merely personal. For the original contract obliged the debtor to pay a particular rate of interest, and the new security is merely the means of more readily enforcing the performance of that obligation. If then, Charles J. Gee, the principal debtor, had executed his note for this debt in this State, that would not have altered the rate of interest, provided the note should become payable, when the debt would fall due according to the original contract, and did not designate some other place of payment: in other words, if the note was but a security merely for the pre-existing debt, and in no respect changed its character.
 

 But, in truth, this security by bond, was given by him in Alabama, as well as the debt originally contracted there; and
 
 1
 
 the bond is dated at Mobile and specifies no other place of performance. Now, although it be true, that the rule of the
 
 lex loci contractus,
 
 before stated, is subject to the modification, that it must yield to the
 
 lex loci in quo solveret;
 
 yet that is so only in those cases in which it appears from the contract, that the performance is to be at some other place. For, when a contract states that the parties had in view the law of another country, when they made it, then it is but right to say, that the contract should be governed by the law the parties thus appear to have intended, rather than by that of the
 
 loci con-tractus.
 
 Thus, notes, made and dated in Dubiin for £ 100 mean Irish and not English currency, unless they be payable on the face in England ; in which latter case, the money would be English.
 
 Kearney v. King, 2 Barn.
 
 & Ald. 301.
 
 —Sprowle
 
 v.
 
 Legge,
 
 1 Boon & Cres. 16.
 
 Dow
 
 v.
 
 Lippman,
 
 5 Clark & Fin. 1. For debts have no
 
 situs
 
 and are payable every where, including the
 
 locus contractus ;
 
 and, therefore, the law of that place shall govern, since it does not appear from-the contract, that the parties contemplated the law of
 
 *595
 
 any other place. There cannot be any other rule, but that of the place of the origin of the debt, unless it be that where the creditor may be found; since the debtor must find the credit- or for the purpose of making payment. But, manifestly, this last can never be adopted, because it would vary with every change of domicil or residence of the creditor. Then, as was observed by Lord Brougham in
 
 Dow
 
 v.
 
 Lippman,
 
 a contract, payable generally, naming no place of payment, is to betaken to be payable at the place of contracting the debt, asii st was expressed to be there payable. Being payable every where, the rate of interest must be determined by the law of thé origin, since there is nothing else to give a rule.
 

 That being so, certainly Charles J. Gee is bound for Alabama interest. As to him, the contract is to-to be construed as if it said upon its face, this debt shall bear 8 per cent, interest, if not paid when due, the contract being made in Alabama, and the money to be paid there. If he was sued on it in Alabama or here, there could be no hesitation in giving that rate of interest against him. Does it not follow, that the other parties to the bond are liable for the same sum ? We are to suppose that, as to Charles
 
 J.
 
 Gee, the bond expressed that it was payable at Mobile. When the others executed it, can it be also supposed, that they insisted, that, as to them, the bond should be payable in North Carolina? Certainly not; for to say nothing more, it cannot be presumed, that the same debt is payable at two different places, unless it be so expressed.— it is said, indeed, that, as in our law the .contract is several, it is the same thing, as if these parties had given distinct notes in this State for the debt. But it is to be recollected, that the bond is also joint; and therefore, that, all three of the obligors obliged themselves jointly to do the same thing, that is to say, to pay a certain sum of money; and the only question is, whether we are to understand them as contracting to pay that sum at one and the same place. For, if we are so to understand, there can be no doubt from what has been already said,, that place is Mobile; and then, according to the rule, that the interest is to be regulated by the law of the place of perform-
 
 *596
 
 anee, the bond would bear Alabama interest. There would have been nothing: unlawful in taking: a bond in this State for .
 
 °
 
 ° . that interest, as we have before seen, as it would be merely a supplemental security for,a previous lawful contract. Now, it is impossible to suppose these defendants could have contemplated the payment being made here by them, and not at Mobile by the principal. The very statement of the case is, that they executed the bond, as the sureties of Charles J. Gee
 
 -t
 
 and in the nature of things, therefore, they expected to be only secondarily liable, and they were to be liable for what the principal had bound himself. If that were not so, it would lead to endless confusion. For, suppose a principal in Alabama and three sureties, one living and executing the bond in Louisiana, one in North Carolina, and one in New York, would there be four distinct contracts, as to the rate of interest? It would be absurd to hold so. In reality, the contract of the sureties, in reference to the question under consideration, is one of guaranty of the performance of his contract by their principal; and therefore each surety, no matter where he lives, must be liable for precisely thp same sum, which is that for which the principal is liable. Neither more nor less.
 

 From what has been said, it follows, that his Honor was right in deciding the question, as a matter of law, and not leaving it to the jury, as a question of intention of the parties, as to the rate of interest; for the rate depended upon the question, what law governed the case, and that was a question for the Court and not the jury. The intention of the parties cap never be material in cases of this sort, except where contracts are made in one country, and securities there taken
 
 mala fide,
 
 and expressed to be performed in another, with the purpose of evading the
 
 lex loci contraetus ;
 
 as if parties, in fraud of the law and to cloak usury, upon a loan in this State take,- as a security, a bill of exchange on another State in the expectation that it will be protested, so as to accumulate interest under the name of damages, or under the pretence of a difference in exchange; then the jury must find the intention in order to apply the law to that shift and device- But here the
 
 *597
 

 bona fides
 
 is not questioned, and the only dispute, what is the legal rate of interest on this contract; which, of course, was for the court.
 

 PeR Cukiari, Judgment affirmed.