W. H. MORRIS & SONS v. T. J. E. HOCKADAY, et. al.

### Interest— Usury—Place of Contract.

1. If no place is agreed on for the performance of a contract, the *lex loci contractus* governs. If the place of performance is agreed on, the *lex loci solutionis* governs.
2. Where a bond was dated in North Carolina, but had no specified place of payment, *It was held* that it was governed by the usury laws of this State, and it is immaterial that the pleadings admit that the bond was delivered in Virginia.
3. If, in such case, it had appeared that the bond was given for goods purchased in Virginia, the rule would be different
4. *Quaere*, whether the contracting parties can agree on a rate of interest, legal where the contract is made, but illegal where it is to be performed.

(*Arrington* v. *Gee*, 5 Ired., 590, cited and approved).

This was a CIVIL ACTION, heard before *Shepherd, Judge,* at Spring Term, 1886, of HALIFAX Superior Court, upon a demurrer filed by the plaintiff to the answer of the defendants.

The pleadings in the case are as follows :

1. That the plaintiffs, W. H. Morris, F. Morris, V. Morris and S. B. Morris are partners, trading under the firm name of W. H. Morris & Sons and have been such partners since on and before the 26th day of April, 1883.

2. That on the 26th day of April, 1883, the defendants, for value received, promised in writing, to pay to the order of the plaintiffs, under their firm name, the sum of four hundred and thirty-five dollars and sixty-five cents, on or before November 1st, 1883, with eight per centum interest from date. The following is a copy of said written promise :

$435.65.                    GASTON, N. C., April 26th, 1883.

On or before November first, 1883, we, or either of us, promise to pay to W. H. Morris & Sons, or order, four hundred and thirty-five dollars and sixty-five cents, with interest from date at 8 per cent. per annum. Value received. .

THOMAS J. E. HOCKADAY, [Seal.]
SUSAN A. HOCKADAY, [Seal.]

3. That no part of said four hundred and thirty-five dollars and sixty-five cents has been paid.

Wherefore the plaintiffs demand judgment against the defendants for the sum of four hundred and thirty-five dollars and sixty-five cents, with eight per centum interest thereon from the 26th day of April, 1883, till paid, and for costs.

The defendants, Thomas J. E. Hockaday and Susan A. Hockaday, answering the amended complaint of the plaintiffs, say:

1. That the first section thereof is true.

2. Answering the second section of plaintiffs' complaint, these defendants say, that they did promise in writing on the 26th day of April, 1883, to pay to the plaintiffs, on or before November 1st, 1883, the sum of four hundred and thirty-five dollars and sixty-five cents, with interest at eight per centum per annum from date, but allege that the said promise in writing was delivered to plaintiffs, at the city of Norfolk, State of Virginia, and they are advised and believe, that the rate of interest collectable on said instrument, was regulated and governed by the laws of Virginia, and that said laws do not allow eight per cent. interest on such contracts as that described in the pleadings; that where more than six per cent. is charged, no interest can be collected.

Wherefore the defendants demand judgment that they go hereof without day and recover their costs of the plaintiffs, and for such other and further relief as may be just.

The plaintiffs demur to the second section of the defendants' answer for insufficiency, in not stating facts sufficient to constitute the plea or defence of usury therein attempted to be set up, in this:

1. That there is no allegation that the debt for which the promissory note sued on was given, was contracted in the State of Virginia.

2. That there is no allegation that said note was made or executed in the State of Virginia.

3. That there is no allegation that the place of payment or performance of said note or contract was in the State of Virginia.

4. That there is no allegation that either of the makers or payees of said note lived in the State of Virginia.

5. That there is no allegation that said note was a Virginia contract, or other than what from its face and terms it is presumed to be, to-wit : a North Carolina contract.

Wherefore, the plaintiffs demand judgment against the defendants that the answer herein be dismissed, and that they recover of said defendants the sum of four hundred and thirty-five dollars and sixty-five cents, with eight per centum interest thereon from the 26th day of April, 1882, till paid, and for costs of this action, to be taxed by the Clerk.

His Honor sustained the demurrer, and gave judgment for the plaintiffs, from which the defendants appealed.

*Mr. John A. Moore*, for the plaintiffs.
*Mr. A. J. Burton*, filed a brief for the defendants.

ASHE, J. (after stating the facts). The note sued on bears date at Gaston, N. C., and the rate of interest expressed up on its face is eight per cent.

The defendants insist it is a Virginia contract; that the note was delivered to the plaintiffs at Norfolk, Virginia, and that they are advised and believe, that the rate of interest at eight per cent. is not allowed by the law of that State.

The defendant, by his demurrer, admits the fact to be true as stated, but contends that even if true, it does not make out a legal defence to his action. This presents for our consideration the question, whether the law of Virginia or of North Carolina governs the contract.

The following principles seem to be settled by the current of authorities : when a contract is made to pay generally, it is governed by the place where the contract is made. 1 *Daniel on Negotiable Instruments*, §881, *Arrington* v. *Gee*, 5 Ired., 590.

But when a contract states that the parties had in view another place where the contract was to be performed, the law of that place would govern. *Arrington* v. *Gee, supra.*

In other words, if no place is agreed upon for the performance of the contract, the *lex loci contractus* prevails, and if the place of performance is stipulated, the *lex loci solutionis* governs. But Judge STORY holds, that if a note be made *bona fide* in one place, expressly having an interest legal there, and payable in another place, in which so high a rate of interest is not allowed, it may be sued in the place where payable, and the interest expressed recovered, because the parties had their election to make the interest payable according to the law of either place; or to express the same thing differently, they may lawfully agree upon the largest interest allowed by the law of either place. If this be law, and it must be admitted it is very high authority, then there can be no question that the plaintiffs had the right to recover the amount of the note, with eight per cent. interest, but this principle is controverted by authorities equally high, and we do not undertake to reconcile the discrepancies, for we do not consider it necessary to resort to that principle in order to sustain the judgment of the Superior Court. For the principle is concurred in by all the authorities, that when no place is fixed by the contract for its performance, the *lex loci contractus* must govern the contract. In *Arrington* v. *Gee, supra,* Ch. J. RUFFIN used the following language: "For debts have no *situs,* and are payable everywhere, including the *locus contractus;* and therefore the law of that place shall govern, since it does not appear from the contract, that the parties contemplated the law of any other place. There cannot be any other rule but that of the place of the origin of the debt, unless it be that where the creditor may be found, since the debtor must find the creditor for the purpose of making payment. But manifestly this last can never be adopted, because it would vary with any change of domicil or residence of the creditor." Then, as was observed by Lord Brougham in *Dow* v. *Lippman,* 5 Clark & Fin. 1, "a contract payable generally, naming no place of payment, is to be taken to be payable at the place of contracting the debt, as if it was expressed to be there payable. Being payable everywhere,

the rule of interest must be determined by the law of the origin, since there is nothing else to give a rule."

The doctrine here enunciated, is fully sustained by 1 Daniel on Negotiable Instruments §881 ; 2 Parsons on Contracts, 586, 589 ; 2 Kent Com., 457; Story Conflict of Laws, §272.

But the defendants insist that their note was under seal, and the contract was not consummated until a delivery, and it is alleged, and admitted by the demurrer, that the note was delivered to the plaintiffs in Norfolk, Virginia. But we think that is altogether immaterial. If the defendant had stated in his answer, that the note was given to secure the payment of goods purchased by the defendants from the plaintiffs, who were merchants of the city of Norfolk, there would have been some force in the contention,—for it is laid down in 2 Parsons on Contracts, 586., "if a merchant in New York comes to Boston to buy goods, and then returns there and gives his note for them, which specifies either Boston, or no place, for payment, it is a Boston transaction." But here there is no allegation that the plaintiffs at the time of the delivery of the bond, were residents of Norfolk, nor that the note was given in fulfilment of any contract made with them as citizens of that State. For aught that appears from the answer, the plaintiffs may have been residents of this State, or of some other State besides Virginia, and therefore, in the absence of any such allegations in the answer, and the bond on its face purporting to be a North Carolina contract, there is nothing in the answer to prevent the application of the rule of *lex loci contractus.*

Our opinion is, there was no error in the judgment of the Superior Court, and it is therefore affirmed.

No error.                                        Affirmed.