DURHAM FERTILIZER COMPANY v. J. M. MARSHBURN, et al.

(Decided March 22, 1898).

*Practice—Appeal—Noting Exceptions—Jurisdiction—*
*Justice of the Peace—Process of Justice of the Peace*
*Against Non-Resident Defendants—Judgment.*

1. No appeal lies from an order of the Superior Court overruling a motion to dismiss an appeal from a judgment of a Justice of the Peace. An exception should be noted to the refusal of the motion, which would be considered on an appeal from the final judgment.

2. The question of jurisdiction may be raised at any time and in any Court where a case is pending; hence, a motion to dismiss an appeal from a judgment of a Justice of the Peace, based on a lack of proper service of process, may be made at any time in the Superior Court since it raises a question of jurisdiction.

3. Where a Justice of the Peace has not obtained jurisdiction of the party by reason of non-service of process in a matter of which he has exclusive original jurisdiction, the Superior Court cannot on appeal obtain jurisdiction by ordering a summons to issue to bring the party before it.

4. As the officers of one county are not authorized to serve process in another county, the process provided for in Section 871 of *The Code* must be issued or addressed to the officers of the county where it is to be served.

5. A summons improperly issued by a Justice of the Peace and improperly served does not bring a defendant into Court and a judgment rendered against such defendant is void.

6. A judgment rendered by a Justice of the Peace against a non-resident defendant, on whom process was not served at least ten days before the return day, is void.

CIVIL ACTION tried on appeal from a Justice of the Peace at December Term, 1897, of DUPLIN Superior Court before *Robinson, J.* The facts appear in the opinion. The action was dismissed on motion of the defendants and plaintiff appealed.

*Messrs. Stevens & Beasley* for plaintiff (appellant).
*Mr. John D. Kerr* for defendants.

FURCHES, J.: This action was commenced before a
Justice of the Peace of Duplin County. A part of the
defendants named in the summons lived in Duplin
County and a part of them in Sampson County. The
summons was directed to "Any constable or other law-
ful officer of Duplin County." This summons was duly
served on the defendants living in Duplin, but not on
those living in Sampson. Upon the return of the
summons, endorsed as above indicated, the case was
continued to the 24th day of November, 1894, and an
*alias* summons was issued by Woodward, the Justice of
the Peace of Duplin, directed as the original was to
"any constable or other lawful officer of *Duplin* Coun-
ty." This duplicate was issued on the 19th of Novem-
ber, and on the 20th, Warren Johnson, a Justice of the
Peace of Sampson County, being satisfied that Wood-
ward, who issued the summons, was a Justice of the
Peace of Duplin, endorsed it under Section 872 of *The
Code*, and the Sheriff of Sampson served the same on
the 23rd of November and returned it to Woodward in
Duplin. The Sampson defendants, by an attorney, ap-
peared before Woodward on the 24th and entered a
special appearance, and moved to dismiss as to them.
This motion was refused and the Justice proceeded to
judgment, and the said defendants appealed to the Su-
perior Court.

In the Superior Court, the said defendants again
entered a special appearance and moved to dismiss.
This motion was refused, and the Court ordered the
Clerk of the Superior Court of Duplin to issue a sum-
mons for these defendants to Sampson, which was done

and served on said defendants.   At the next term these defendants again renewed their motion to dismiss, which was allowed and the plaintiffs appealed.

It was contended here, in support of the plaintiff's appeal, that the original service was sufficient; if not, the service of the summons ordered by the Court was; and that the defendants were estopped by their motion at the previous term of the Court to dismiss—that it was *res judicata.*

The last position taken by the plaintiff would probably have to be sustained as the defendants seem not to have noted an exception.   This was all the defendants could have done, as it was not such a judgment as they could have appealed from, and in this respect differs from *Henry* v. *Hilliard,* 120 N. C., 479.   But it is a jurisdictional question, and may be made at any time and in any Court where the case is pending.   *Lilly* v. *Purcell,* 78 N. C., 82.

The action having been commenced before a Justice of the Peace, in a matter in which that Court had exclusive original jurisdiction, the Superior Court has no jurisdiction except by appeal.   And it then only succeeds to the jurisdiction the Justice of the Peace had. The Superior Court cannot create jurisdiction.   Where a defendant named was not before the Justice, the Court cannot by its order and process bring him into the Superior Court.   This would be to create original jurisdiction in a matter where the exclusive original jurisdiction was before a Justice of the Peace.   It is different in special proceedings commenced before the Clerk, as he is considered but the hand of the Court. They are commenced in the Superior Court before the Clerk and are provided for by proper legislation, there being no constitutional provision to prevent such legis-

lation, while the Constitution expressly provides that the Superior Court shall not have such jurisdiction, except by appeal. It must therefore follow that the order of the court to the clerk to issue summons for these defendants was unauthorized, unconstitutional and invalid, being original process. This reasoning does not prevent the court from issuing process to bring executors, administrators, and the like, into court, where the parties they represent were properly before the Justice's court and the case has come into the Superior Court by appeal.

This leaves the case to depend upon the original summons issued by Woodward, and its service upon the Sampson County defendants and the action of the Justice thereon.

Originally, a Justice of the Peace had no authority to issue any process to any other county but his own. And although he has the power to do so now, it is a restricted legislative power. *Code*, Section 871. And being a restricted legislative grant of power, when exercised, it must be strictly pursued. This Section of *The Code* provides that "no process shall be issued by any Justice of the Peace to *any County* other than his *own* . . . ", but he may issue process to *any County* in which any such non-resident defendant resides. This plainly provides that when the Justice issues process for non-resident defendants, it must be issued—addressed—to the officer of the county where it is to be served. The officers of Sampson are not authorized to serve process issued to the officers of Duplin county. *Davis* v. *Sanderlin*, 119 N. C., 84. And if this summons was improperly issued and improperly served, it did not bring these defendants into court, and the Justice of the Peace had no jurisdiction over them and

no right to go to judgment as against them.    *Davis* v. *Sanderlin, supra.*

Section 873 provides another mode of service by having the certificate of the clerk, and it also provides that the process shall be issued to the officers of the other County, where it is to be served.   This goes to sustain the contention of the defendants.

While Sections 871, 872 and 873 of *The Code* provide that Justices of the Peace in certain cases may issue process to other counties than their own, yet Section 874 positively forbids any Justice from going to judgment against any non-resident defendant, unless *it shall appear* that process was served upon him at least ten days before the return day of the summons.   In this case, it plainly appears that it had not been served ten days.   The summons was issued on the 19th, *returnable* on the 24th, *five days after it was issued,* and was served on the 23rd, the day before the return day, when the Justice proceeded to judgment.   Such work as this, in defiance of the law, cannot be sustained.   There is no error and the judgment of the court below is

Affirmed.