EXCHANGE BANK v. APALACHIAN LAND AND LUMBER CO.

(Filed April 30, 1901.)

1. JURISDICTION—*Justices of the Peace—Attorney's Fees.*

A provision in a promissory note for attorney's fees in the event of failure to pay without suit is no part of the principal debt, and when the amount of the note and interest is less than $200, a Justice of the Peace has jurisdiction.

2. CONFLICT OF LAWS—*When Lex Fori Governs—Negotiable Instruments—Attorney's Fees.*

The validity of a provision in a note for attorney's fees executed and payable in Georgia, must be determined by the laws of North Carolina.

3. FEES—*Attorney's Fees.*

A provision in a promissory note for attorney's fees in case of suit on note is invalid.

ACTION by the Exchange Bank against the Apalachian Land and Lumber Company, heard by Judge *O. H. Allen* and a jury, at Fall Term, 1900, of CHEROKEE County Superior Court. From a judgment for the plaintiff, the defendant appealed.

*E. B. Norvell,* for the plaintiff.
*Dillard & Bell,* and *Busbee & Busbee,* for the defendant.
128——13

CLARK, J. This action began by a warrant before a Justice of the Peace which summoned the defendant (no written complaint being filed) "to answer the complaint of plaintiff in a civil action for the recovery of $191.67, due by note." At the trial the promissory note put in evidence was for $191.67, with 7 per cent interest from date (15th June, 1899) "with all costs of collection including 10 per cent attorney fees in case suit is necessary for collection," with a further collateral agreement to waive "homestead and personal property exemption under the Constitution and laws of North Carolina or any other State." The note was executed in Georgia and made payable there.

The Justice of the Peace rendered judgment for $191.67 and 7 per cent interest and costs and the further sum of $19.16 for ten per cent attorney's fees. The defendant appealed to the Superior Court where the Judge struck out the addition of the ten per cent attorney fees and rendered judgment for $191.67 with 7 per cent interest and costs. Thereupon the defendant, singularly enough, appeals to this Court on the ground that the attorney fees made the principal debt in excess of $200, and therefore the Justice of the Peace had no jurisdiction.

The sum demanded in the summons was $191.67, which was less than $200, and on the face of the record the Justice of the Peace had jurisdiction. The allowance of 7 per cent interest was proper, for that was a part of the contract of indebtedness and the *lex loci contractus* governs. *Arrington v. Gee,* 27 N. C., 590; *Morris v. Hockaday,* 94 N. C., 286. It is otherwise as to the collateral agreement for the addition of 10 per cent attorney fees, "in case suit is neccessary for collection." This is no part of the indebtedness, for the note could have been discharged before action brought by payment of $191.67 and interest. This addition was therefore merely a penalty or a stipulation for liquidated costs in event a suit

was necessary. Hence, it is matter affecting purely the remedy, the *lex fori governs,* and this stipulation is construed by our procedure (as is also the further agreement as to waiver of homestead and exemptions, *Beavan v. Speed,* 74 N. C., 544), under which such stipulation will not be enforced. In *Tinsley v. Hoskins,* 111 N. C., 340, the point is fully discussed, quoting with approval from *Bank v. Sevier,* 14 Fed. Rep., 662, "Such a provision is a stipulation for a penalty or forfeiture, tends to the oppression of the debtor and to encourage litigation, is a cover for usury, is without any valid consideration to support it, contrary to public policy and void," and citing very many other cases to like purport, among them *Bullock v. Taylor,* 39 Mich., 137, in which Judge *Cooley* says: "This provison in the notes is as much void as it would have been had it called the sum unpaid by its true name of forfeiture or penalty," and among others also *Witherspoon v. Mussehuan,* 14 Bush., 214, where the Courts said such provisions are "not only in the nature of penalties, but they are contrary to public policy and tend to encourage litigation." *Tinsley v. Hoskins* has been since cited and followed as authority in *Brisco v. Norris,* 112 N. C., 671, and *Williams v. Rich,* 117 N. C., 235, and more recently in *Turner v. Boger,* 126 N. C., 300.

It is true we are cited to Georgia cases holding that such stipulation is an addition to the capital of the debt. But as matter of general law we can not concur in the proposition that a penalty, for failing to pay without suit, is a part of the principal debt, and as this is a matter affecting the remedy we are further forced to follow our own decisions, in which we have consistently refused to enforce the collection of such penalty, because contrary to public policy and hence void. Besides, in Georgia itself, a statute was adopted prior to the date of this note (Ch. 267, Laws 1890-1, Vol. 1, p. 221), "to declare all obligations to pay attorney's fees, in addition to

the interest specified therein, upon any note or other indebtedness, void and of no effect, and to prohibt collecton of the same," and the Justice of the Peace would have had jurisdiction of this action even if it had been brought in that State, especially as there held, because not claimed in the summons. *Rimes v. Williams,* 99 Ga., 281.

The jury having found that the plaintiff was an innocent purchaser for value before maturity, the other finding that the note was procured by fraudulent misrepresentations by the original payee became immaterial and indeed was not pressed in this Court.

No error.