BERT TILLERY v. ROYAL BENEFIT SOCIETY AND ROYAL FRATERNAL ASSOCIATION.

(Filed 11 March, 1914.)

1. Appeal and Error—Courts—Jurisdiction—Motion to Dismiss—Supreme Court.

A motion to dismiss for want of jurisdiction may be made for the first time in the Supreme Court on appeal.

2. Courts—Jurisdiction—Pleadings—Good Faith.

The amount demanded in the complaint in good faith determines the jurisdiction of the trial court, and when this is sufficient, a recovery of a less amount will not defeat the jurisdiction.

3. Appeal and Error—Exceptions—Instructions—Courts.

The failure of the trial judge to charge upon particular phases of the controversy is not alone sufficient to be held for reversible error. The appellant should offer prayers for special instruction covering the matter, and except and appeal from the refusal of the court to give them.

APPEAL by defendant from *Whedbee, J.,* at October Term, 1913, of CARTERET.

This is an action, commenced in the Superior Court, to recover the amount of an insurance policy and certain sick benefits which had accrued prior to the death of the insured.

The plaintiff alleges that he is entitled to recover $150, the face of the policy, and $52 sick benefits, and demands judgment for $202.

The policy is not in the record, and there is nothing to show that the demand of the plaintiff is not made in good faith.

The plaintiff recovered $142, and the defendant moves in the Supreme Court to dismiss the action for that the Superior Court did not·have jurisdiction; contending that the amount in controversy is less than $200.

The defendant, the Royal Benefit Society, introduced evidence tending to show that Starkey Tillery was more than 55 years of age at the time he became a member of the Royal Benefit Society. No offer to return premiums received was made by the defendant, the Royal Benefit Society; no application for membership was introduced as evidence. There was no evidence that Starkey Tillery knew of any age limit to become a member, and there was no evidence that Starkey Tillery represented what his age was when he became a member.

There were no requests for instructions.

The defendant assigns the following as errors:

1. That the court erred in failing and refusing to charge the jury that if Starkey Tillery was more than 55 years of age·at the time he made application for membership in the Royal Benefit Society, the defendant was not liable on the policy, as the same was procured under a misrepresentation of the age of the said Starkey Tillery.

2. That the court erred in entering·judgment as set out in the record.

3. That the court erred in refusing to grant a new trial.

Judgment was rendered in favor of the plaintiff, and the defendant appealed.

*E. H. Gorham for plaintiff.*
*C. R. Wheatly for defendant.*

ALLEN, J.  A motion to dismiss for want of jurisdiction may be made for the first time in the Supreme Court (*McDonald v. McArthur,* 154 N. C., 122); but it is not the recovery which determines jurisdiction. It is the amount demanded in good faith (*Brock v. Scott,* 159 N. C., 516); and as it appears that the plaintiff demanded $202, and there is nothing in the record from which bad faith can be inferred, the motion to dismiss must be denied.

The first assignment of error is without merit. There was no request for a special instruction, and if one had been requested, covering the statements in the assignment, it could not have been given, because it would have required the judge to express an opinion upon a fact—that the policy had been procured under a misrepresentation as to age—which he could not do, if there had been evidence to support it; but it also appears from the record that the application for membership was not introduced, and that there was no evidence that the insured made any representation as to his age.

The other assignments are formal, and require no discussion. No error.