## STATE v. GEORGE J. KING ET AL.

(Filed 4 November, 1942.)

**1. Larceny § 1—**

Physical presence at the scene of larceny is not deemed absolutely
essential to conviction, if it appears that defendant actually advised and
procured the crime, or aided and abetted the commission thereof; and he
would be guilty whether or not he shared in the proceeds thereof.

**2. Larceny § 7—**

In a criminal prosecution for felonious breaking and entering, larceny
and receiving against several defendants, resulting in conviction of one of
them of larceny only, a motion for nonsuit under C. S., 4643, was properly
denied, where the State's evidence tended to show that this defendant
and one of the other defendants planned the theft and this defendant
advised, aided and abetted his codefendant therein, though not personally
present when the theft occurred.

APPEAL by defendant George J. King from *Nettles, J.,* at April Term,
1942, of CABARRUS.

The appellant King was convicted of larceny upon a bill of indictment
which charged him and three others with a felonious breaking and enter-
ing, with the larceny of automobile tires and with the felonious receiving
of said tires knowing them to have been stolen. Two of his codefendants
were released upon demurrer to the evidence, C. S., 4643, and his remain-
ing codefendant Luther Brice was convicted of a felonious breaking and
entering and of larceny.

The State's evidence tended to show that defendant King and defend-
ant Brice planned the larceny of automobile tires, the property of one
Tom Stilwell from a warehouse in the city of Concord, and that as a
result of such plan Brice broke and entered the warehouse and procured

STATE *v.* KING.

the tires, and that they both took the tires in a truck to Greensboro and there delivered them to the brother-in-law of King, who paid King therefor, and the money so paid was delivered in part to Brice and retained in part by King; that King was not personally present when the tires were actually taken out of the warehouse by his codefendant Brice.

The appellant King's evidence, while it tends to show that he received the tires and delivered them to his brother-in-law in Greensboro, he did not plan the larceny of the tires, and that he did not know they had been stolen when he received them, and that he took them to Greensboro and sold them to his brother-in-law and paid his codefendant Brice with a portion of the funds received from his brother-in-law therefor, all in good faith and with no knowledge of the tires having been stolen, if they were stolen.

From a jury verdict of guilty of larceny as to him the defendant King appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*E. Johnston Irvin and Hayden Clement for defendant King, appellant.*

SCHENCK, J. The appellant in his brief seems to rely upon his exceptions to the refusal of the court to sustain his demurrer to the evidence and to grant his motion for dismissal lodged under C. S., 4643. He contends that since *all* the evidence tends to show that the appellant was not personally present at the time the goods were moved by his codefendant Brice from the warehouse of the owner thereof, he, the appellant, could not be found guilty of larceny, and that his motion for a dismissal on the larceny count should therefore have been allowed. He relies upon *S. v. Cannon,* 218 N. C., 466, 11 S. E. (2d), 301. The first syllabus of this case, which is a proper interpretation of the opinion, reads: "Where the State's evidence tends to show the actual theft of the goods in question by others, and fails to connect defendant therewith in any manner until after the goods had been asported, the presumption arising from defendant's possession of the goods a short time thereafter is insufficient to justify the submission of the question of defendant's guilt of larceny to the jury." The distinction between the cited case and the instant case is that in the former the evidence "fails to connect the defendant therewith (the actual theft) in any manner until after the goods had been asported," whereas in the latter the evidence of the State was to the effect that the appellant and his codefendant Brice planned the theft before it actually occurred, that the appellant procured a key to a door and delivered it to Brice to enable Brice to get to the portion

STATE *v.* KING.

of the warehouse where the tires were stored, and otherwise did aid, abet, advise and procure in the actual theft.

"Consequently physical presence at the scene of larceny is not deemed to be absolutely essential to conviction if it appears that defendant actually 'advised and procured the crime' or aided and abetted the commission thereof. . . . the defendant would be guilty if the jury found beyond a reasonable doubt that he aided, abetted, advised or procured the commission of the crime whether he shared in the proceeds thereof or not." *S. v. Whitehurst,* 202 N. C., 631, 163 S. E., 732.

The appellant makes the subject of exceptive assignments of error certain excerpts from the charge to the effect that the appellant could not be guilty both of larceny and of feloniously receiving stolen goods knowing them to have been stolen, one of such excerpts, in effect similar to all of them, being as follows: "Now, gentlemen of the jury, a man cannot be guilty of larceny and of receiving stolen goods knowing the same to have been stolen. Therefore, if you find the defendant, George J. King, guilty of the crime of larceny, you would not consider whether or not he is guilty of the crime of receiving, but only in the event you find him not guilty of the crime of larceny will you consider whether or not the defendant King is guilty of the crime of receiving stolen property knowing the same to have been theretofore feloniously stolen and carried away."

The appellant's complaint seems to be that these instructions deprived the jury of the discretionary right to convict him of feloniously receiving stolen property rather than of larceny. Even if this should be error, which we do not decide, such error would be in favor of the defendant, and therefore harmless and not prejudicial.

There appears in the brief of the appellant the following: "Since the trial this action and the adjournment of the Superior Court of Cabarrus County at which this action was tried, the defendant has acquired knowledge of newly discovered evidence which, in his opinion, is sufficient to justify him to move in the Superior Court of Cabarrus County for a new trial on the grounds of newly discovered evidence, in the event the Supreme Court finds no error in his appeal." A reading of the brief causes us to suspect that the appellant relies more confidently on his prospective motion in the Superior Court for another trial upon newly discovered evidence, than upon his exceptive assignments of error in the record, since he cites no authorities in support of the latter except the one referred to above, which is not applicable to the instant case.

On the record we find

No error.