## MRS. C. E. HOPKINS v. WALTER J. BARNHARDT.

(Filed 24 November, 1943.)

**1. Appeal and Error § 30b: Pleadings § 13½—**

Where there is a defect of jurisdiction or the complaint fails to state a cause of action, and such defects appear on the face of the record, this Court will *ex mero motu* dismiss the action.

**2. Attorney and Client § 10—**

In this jurisdiction *it is held* that attorney's fees may not be taxed as costs.

**3. Justices of the Peace § 3—**

The jurisdiction of a justice of the peace is limited and special—not general—and he can only exercise the power conferred upon him by the Constitution, Art. IV, sec. 27, and statutes, C. S., 1473. He has no equitable powers.

**4. Same—**

Neither the Constitution of North Carolina, nor any statutes enacted pursuant thereto, gives jurisdiction to justices of the peace in an action for a penalty plus reasonable attorney's fees to be fixed and awarded by the court.

**5. Courts, Superior, § 2d—**

On an appeal from a justice of the peace, the jurisdiction of the Superior Court is derivative only and is limited to the powers which the justice of the peace could have exercised.

**6. Courts § 9—**

The Congress of the United States cannot confer jurisdiction upon a State court or any other court which it has not ordained or established. And Congress did not undertake, by the Emergency Price Control Act of 1942, to confer jurisdiction upon any court for the enforcement of sec. 925 (e) of said Act.

**7. Penalties § 2: Parties §§ 1, 2—**

In this jurisdiction an action for the collection of a penalty must be brought in the name of the party suing therefor, unless the statute provides otherwise, and the joinder of additional parties is neither necessary nor proper.

APPEAL by defendant from *Rousseau, J.,* at February Term, 1943, of CABARRUS.

Civil action instituted before a justice of the peace, tried *de novo* on appeal to the Superior Court to recover penalty and attorneys' fees by reason of an alleged violation of the Emergency Price Control Act of 1942.

Before the justice of the peace "plaintiff complained of defendant and alleged that defendant overcharged her for sugar and that she was entitled to recover $50.00 penalty plus reasonable attorneys' fees under law regulating same." Defendant failed to appear, and judgment was rendered in favor of plaintiff and against the defendant for $50.00, and Robert H. Irvin and C. M. Llewellyn, attorneys for plaintiff, were each awarded judgment against the defendant for $15.00. Defendant in apt time gave notice of appeal to the Superior Court. On the trial *de novo* in the Superior Court plaintiff offered evidence tending to show that defendant filed with the local rationing board on 9 October, 1942, his ceiling price for sugar as seven cents per pound as of 15 March, 1942, which ceiling price under the law and the General Maximum Price Regulation of the Office of Price Administration became effective 28 April, 1942, and remains unchanged. That plaintiff, through her son on or about 22 August, 1942, purchased from defendant one hundred pounds of sugar for canning purposes at the price of $10.97. Plaintiff offered the sales ticket showing the purchase of the sugar and further testimony tending to show payment therefor out of proceeds from the sale of cotton, which proceeds were turned over to the defendant and credited on plaintiff's account.

From a jury verdict favorable to plaintiff and judgment based thereon in favor of plaintiff for $50.00, and requiring the defendant to pay into the office of the clerk of the Superior Court the sum of $25.00, attorneys' fees for the use and benefit of plaintiff's attorneys, defendant appealed to the Supreme Court, assigning error.

By consent of the parties it was stipulated that Prentiss M. Brown, Administrator, Office of Price Administration, should be made a party plaintiff. This was allowed *pro forma*.

*C. M. Llewellyn and John D. Shaw for appellees.*
*B. W. Blackwelder for appellant.*

DENNY, J. The only exception and assignment of error by the defendant is to the refusal of his Honor to enter judgment as of nonsuit upon the ground that plaintiff had not offered sufficient evidence to establish the ceiling price of the defendant on the date of sale of said sugar.

We think a more serious question confronts us on this record, to wit, one of jurisdiction. The court, in accordance with the long established practice, raises the question *ex mero motu*. "When there is a defect of jurisdiction, or the complaint fails to state a cause of action, that is a defect upon the face of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the Court will

*ex mero motu* dismiss the action." McIntosh, N. C. Pleading and Practice, p. 460; *Shepard v. Leonard, ante,* 110, 25 S. E. (2d), 445; *S. v. King,* 222 N. C., 137, 22 S. E. (2d), 445; *Edwards v. McLawhòrn,* 218 N. C., 543, 11 S. E. (2d), 562; *McCune v. Mfg. Co.,* 217 N. C., 351, 8 S. E. (2d), 219; *Henderson County v. Smyth,* 216 N. C., 421, 5 S. E. (2d), 136; *Elizabeth City Water & Power Co. v. Elizabeth City,* 188 N. C., 278, 124 S. E., 611; *Cressler v. Asheville,* 138 N. C., 482, 51 S. E., 53; *Norris v. McLam,* 104 N. C., 159, 10 S. E., 140.

We have for determination the question: Does a justice of the peace have jurisdiction in an action where the plaintiff demands a statutory penalty of $50.00, plus attorneys' fees?

The jurisdiction of a justice of the peace in this State is determined by the Constitution and statutes consistent therewith. Art. IV, sec. 27, N. C. Const. This Court so held in the case of *S. v. Jones,* 100 N. C., 438, 6 S. E., 655, where it is said: "The jurisdiction thus conferred and that may be conferred is special—not general—and the officer is limited to the exercise of his authority by the regulations and methods of procedure prescribed by statute, subject to the constitutional provision. That is, a justice of the peace can only exercise the powers conferred upon him by the Constitution and statutes in harmony with it; his jurisdictional authority is not enlarged by principles of law applicable only to courts of general jurisdiction; nor can he adopt methods of procedure, or exercise his authority in cases not strictly allowed by law— he may do only what the statute allows him to do, and his official acts will be upheld, however informal, if they embody the substance of the thing or purpose intended." Since the jurisdiction of a justice of the peace is special—not general—what is the limitation upon the granted powers to adjudicate a claim (1) for a penalty of $50.00, and (2) to fix and award attorneys' fees? It has long been settled in this State that an action to recover a penalty is an action *ex contractu,* and, since justices of the peace have been given jurisdiction in matters of contract not exceeding $200.00 (Art. IV, sec. 27, N. C. Const.; C. S., 1473), it follows that when a penalty demanded does not exceed $200.00 a justice of the peace has jurisdiction. *Katzenstein v. Raleigh and Gaston R. R. Co.,* 84 N. C., 688; *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735. But the power of a justice of the peace to fix and award attorneys' fees is a more serious question. We know of no statute authorizing justices of the peace to fix and award attorneys' fees in any proceeding. Nor can it be held that a justice of the peace has the inherent or equitable power to fix and award such fees. A justice of the peace has no equitable powers, *Moore v. Wolfe,* 122 N. C., 711, 30 S. E., 120, and the inherent powers of a court do not increase its jurisdiction but are limited to such powers as are essential to the existence of the court and necessary to the

orderly and efficient exercise of its jurisdiction. 14 Amer. Jur., Courts, sec. 171, p. 370. Neither can it be held in this jurisdiction that the award of attorneys' fees may be taxed as costs, *Parker v. Realty and Insurance Co.*, 195 N. C., 644, 43 S. E., 254, and the cases there cited. Nor is *Bank v. Lumber Co.*, 128 N. C.,193, 38 S. E., 813, an authority to the contrary, as contended by the appellees.

It must be conceded that courts of competent jurisdiction, in the exercise of chancery powers or by express statute, may make allowance for attorneys' fees in certain cases. The award, however, is not usually made as a penalty or forfeiture, but ordinarily is awarded out of the funds in the custody of the Court or out of the sum recovered as a result of the litigation in which the attorney was employed. *In re Will of Howell*, 204 N. C., 437, 168 S. E., 671, cited with approval in 20 C. J. S., at page 457; *In re Stone*, 176 N. C., 336, 97 S. E., 216.

The appellees contend that the court has express authority to fix and award reasonable attorneys' fees, pursuant to the provisions of the Emergency Price Control Act of 1942, 50 U. S. C. A., sec. 925 (e), the pertinent part of which reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or minimum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorneys' fees and costs as determined by the court. . . . Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid. The provisions of this subsection shall not take effect until after the expiration of six months from the date of enactment of this Act." (This Act was approved 30 January, 1942.)

The appellees further contend that when Congress, in the exercise of the powers entrusted to it by the Constitution, enacts legislation, it speaks for all the people and all the States, and such legislation fixing a policy is as binding on a State as if the legislation had emanated from its own legislature, citing *Mondou v. N. Y. N. H. and H. R. Co.*, 223 U. S., 1, 56 L. Ed., 327. It must be noted, however, the subsection upon which appellees rely provides that any suit or action brought under said subsection may be brought in any court of competent jurisdiction. "Congress cannot confer jurisdiction upon a State Court or any other Court which it has not ordained and established." 14 Am. Jur., Courts, sec. 162, p. 365; *Walton v. Pryor*, 276 Ill., 536, 115 N. E., 2, 245 U. S., 675, 62 L. Ed., 542. The Congress in the enactment of the Emergency Price Control Act of 1942, did not undertake to confer jurisdiction upon

any court for the enforcement of the provisions contained in the sub-section of the Act under consideration. But, on the contrary, the Congress placed upon the aggrieved party the responsibility of instituting the suit or action in a court of competent jurisdiction.

We are of the opinion, and so hold, that neither the Constitution of North Carolina, nor the statutes enacted pursuant thereto, give jurisdiction to justices of the peace in an action for a penalty plus reasonable attorneys' fees to be fixed and awarded by the court. It follows, therefore, the justice of the peace having been without jurisdiction, the jurisdiction of the Superior Court was derivative only and limited to the powers which the justice of the peace could have exercised. *Wells v. West*, 212 N. C., 656, 194 S. E., 313; *Perry v. Pulley*, 206 N. C., 701, 175 S. E., 89; *Oil & Fertilizer Co. v. Bowen*, 204 N. C., 375, 168 S. E., 211; *Banking & Trust Co. v. Leggett*, 191 N. C., 362, 131 S. E., 752; *Hargrove v. Cox*, 180 N. C., 360, 104 S. E., 757; *Drainage Comrs. v. Sparks*, 179 N. C., 581, 103 S. E., 112; *Cheese Co. v. Pipkin*, 155 N. C., 394, 71 S. E., 442; *Wilson v. Ins. Co.*, 155 N. C., 173, 71 S. E., 79; *Love v. Huffines*, 151 N. C., 378, 66 S. E., 304; *Moore v. Wolfe*, 122 N. C., 711, 30 S. E., 120; *Fertilizer Co. v. Marshburn*, 122 N. C., 411, 29 S. E., 411.

Whether or not a justice of the peace would have jurisdiction of an action for a penalty not in excess of $200.00, under the Emergency Price Control Act of 1942, if no attorney's fee was demanded or awarded is not presented on this record and, therefore, not decided. *Hall v. Chaltis*, 31 Atlantic (2d), 699. Jurisdiction is determined by the amount demanded in good faith, *Tillery v. Benefit Society*, 165 N. C., 262, 80 S. E., 1068, or by the character of the relief sought, *Drainage Commissioners v. Sparks, supra,* and *Canal Co. v. Whitley*, 172 N. C., 100, 90 S. E., 1.

We think it proper to state that in this jurisdiction an action for the collection of a penalty must be brought in the name of the party suing therefor unless the statute provides otherwise, and while joining additional parties plaintiff is harmless error, as judgment may be rendered in favor of the party or parties entitled to recover, the joining of such additional parties is neither necessary nor proper. *Carter v. R. R.*, 126 N. C., 437, 36 S. E., 14; *Burrell v. Hughes*, 116 N. C., 430, 21 S. E., 971; *Maggett v. Roberts*, 108 N. C., 174, 19 S. E., 890; *Middleton v. R. R.*, 95 N. C., 167.

For the reasons stated herein, the action is

Dismissed.