This is a civil action instituted 3 June, 1944, to recover certain penalties, plus reasonable attorney's fees, allegedly arising under the Act of Congress entitled Emergency Price Control Act of 1942, Title 50, U.S.C.A., sec. 925 (e).
The plaintiff took five separate garments to the place of business of the defendant, on 28 March, 1944; namely, two suits, a plain dress, and two blouses, for the purpose of having all the garments cleaned and pressed.
The defendant has two methods of dry-cleaning, one method is designated as "Regular" or "Machine Work," the other method is "DeLuxe" or "Hand Work." The plaintiff testified that he instructed an agent of the defendant at the time he delivered the garments to him to use the DeLuxe method on the two suits and the Regular method on the other garments. The DeLuxe method was used on all the garments, according to the testimony of the defendant, and charges made accordingly.
The schedule of maximum prices charged by the defendant prior to 1 March, 1944, and on file with the local office of O.P.A., as required by the Emergency Price Control Act, was introduced in evidence. The prices charged by the defendant for cleaning and pressing each of the two blouses was 50 cents, the schedule for DeLuxe work rather than 35 cents the schedule for Regular work. The charge for cleaning and pressing the plain dress was $1.00, which was the price for DeLuxe work rather than 60 cents for Regular work. The evidence tends to show that the overcharge for one of the suits, in excess of the maximum price schedule for DeLuxe work, was 5 cents and the other was 10 cents.
The jury found that there was an excess charge of 15 cents each on the two blouses, 40 cents overcharge for cleaning and pressing the plain dress, 10 cents overcharge on one of the suits and 5 cents on the other, making a total overcharge of 85 cents on the five garments.
The court held that the transaction constituted five separate violations of the Emergency Price Control Act, and entered judgment in favor of the plaintiff for $250.00, and ordered the defendant to pay into the office of the clerk of the Superior Court of Guilford County the sum of $25.00, as attorney's fees for the use and benefit of the plaintiff's attorney. Defendant appeals, assigning error.
This appeal presents for our determination the following questions: (1) Did the court commit error in overruling defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence and renewed at the close of all the evidence? (2) If not, did the acts complained of constitute a single violation of the defendant's price schedule, within the meaning of the statute, or did they constitute five separate violations of the schedule, giving the plaintiff the right to collect a multiple of fifty dollar penalties? (3) If the plaintiff is entitled to collect but a single penalty of $50.00 and reasonable attorney's fees, did the Superior Court have jurisdiction of this action?
The plaintiff offered ample evidence to carry this case to the jury, and the first question must be answered in the negative.
The second question is more difficult. The decisions in various jurisdictions differ widely in construing the statute which gives the plaintiff the right to maintain this action.
The pertinent part of the Emergency Price Control Act of 1942, Title 50, U.S.C.A., sec. 925 (e), reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50.00 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. . . . Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid."
The appellee insists that the judgment below should be affirmed and is relying upon the case of Thierry v. Gilbert, 147 F.2d 603, in which case the First Circuit Court of Appeals held that where a landlord leased to a tenant the premises in question, including a mechanical refrigerator as part of the equipment, for a term of seventeen months, beginning 1 April, 1943, at a rental of $55.00 a month and under the Rent Regulation the maximum rent was fixed at $50.00 a month, each payment of $55.00 as stipulated in the lease constituted a separate violation of the Rent Regulation. The Court said: "The result is no doubt harsh in this case, where the landlord acted innocently in making the overcharges. But as originally enacted, and as applicable here, the Act gave the tenant the right to recover the same penalty whether the violation was willful or not. The rigors of sec. 205 (e) have been mitigated, but only prospectively, by sec. 108 (b) of the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix, sec. 925 (e), the legislative history of which clearly indicates that Congress, by such amendment, intended *Page 659 
among other things to obviate for the future the hardship in the very type of situation here presented." There are many decisions in accord with the above opinion, and among them we cite: Lamur v. Yates, 148 F.2d 137;Lapinski v. Copacino, 131 Conn. 119, 38 A.2d 592; Beasley v. Gottlieb,131 N.J. Law, 117, 35 A.2d 49; Thompson v. Taylor, 60 F. Supp. 395.
Under the facts presented on this record, however, the appellant contends that if the plaintiff is entitled to recover anything as a penalty, he is only entitled to recover treble the amount by which the consideration exceeded the prices listed in the defendant's schedule, or $50.00, whichever is greater. The plaintiff delivered the five garments, at the same time, to the defendant to be cleaned and pressed. The aggregate overcharge is only 85 cents, and the defendant insists that one penalty, and not five, is all the plaintiff is entitled to recover.
In the case of Peters v. Felber (Cal.), 152 P.2d 42, in which the plaintiff demanded, and had obtained judgment in the trial court for six penalties of $50.00 each, for excess payments of rent in the sum of $6.00 per month for six months, the appellate court held the plaintiff was entitled to recover treble the total overcharge of $36.00, or $108.00, and attorney's fees. In the opinion of the Court, it is said:
"The general principle to be followed in the construction of section 205 (e), 50 U.S.C.A. Appendix, sec. 925 (e), is succinctly expressed by the then Mr. Justice Stone in Haggar Company v. Helvering, 1940, 308 U.S. 389,394, 60 S.Ct., 337, 84 L.Ed., 340, 344: `All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose.' In Bowles v. American Stores, Inc., 1943, 78 U.S. App. D.C., 238, 139 F.2d 377, the United States Court of Appeals, District of Columbia, in reviewing a judgment where the award was five dollars instead of the amount authorized by section 205 (e), 50 U.S.C.A. Appendix, sec. 925 (e), took occasion to say this about the purpose of the legislation (p. 379 of 139 F.2d): `Congress foresaw that the task of enforcing the Act against retailers would be too vast for the Administrator to accomplish without the help of consumers. The plain purpose of the $50 clause is to enlist the help of consumers in discouraging violations. . . . The filing and prosecution of a small suit may or may not cost the plaintiff a substantial amount of money, but any suit takes time and effort. Congress made $50 a floor and not a ceiling in order to give overcharged consumers the necessary incentive to sue.' See also Miller v. Superior Court, 1943,22 Cal.2d 818, 838, 142 P.2d 309. *Page 660 
"To interpret the section as authorizing the recovery in one action of as many times fifty dollars as there are overcharges pleaded, would lead to results so absurd that the interpretation should be avoided unless required by the language of the section. This is not a fanciful speculation. We have one appeal pending before us where a multiple of fifty dollar penalties is sought because of a succession of weekly rents which exceeded the ceiling price by twenty-five cents each. In another action now on appeal the plaintiff pleads twenty-two purchases in which he was overcharged a total of thirty-four cents, and prays for twenty-two fifty dollar penalties, a total of $1,100. To interpret the section so as to hold out so great rewards for so minor overcharges would serve to foster in buyers a desire to promote price violations rather than to put a stop to them, with the result that the section would operate to defeat rather than further its purpose. Such an interpretation, obviously, is not to be adopted if it may be avoided without doing violence to the provisions of the section."
The opinions in the following cases are in accord with the construction given the statute in the above case: Brooks, et ux., v. Kalisiewicz, et ux
(Pa.), 58 F. Supp. 648; Everly v. Zepp, et als. (Pa.), 57 F. Supp. 303;Link, et als., v. Kallaos, et als. (Mo.), 56 F. Supp. 304; McCowen v.Dumont, et als. (Mo.), 54 F. Supp. 749; Hayes v. Osborn (Okla.),160 P.2d 956; Aronwald v. Sperber, 49 N.Y.S.2d 257. In the last cited case, in which two cases were consolidated, the defendant, operator of a retail meat market, had filed a price schedule covering meats and one covering poultry. One of the plaintiffs purchased from the defendant fifteen items of meat on six occasions and one of poultry on another. The other plaintiff purchased an item of meat and one of poultry on different occasions. The plaintiffs alleged 18 separate violations of the maximum prices contained in the defendant's price schedules and sought to recover 18 penalties of $50.00 each. The Court said:
"The language of Section 205 (e) is clear and hardly leaves room for far-fetched speculation. It calls for a penalty for the violation of a `regulation, order, or price schedule prescribing a maximum price or maximum prices.' Those who used this language in enacting the law were aware of the fact that a schedule contains numerous items, yet but a single penalty is prescribed for any violation of such a schedule. To twist this language to mean that each item of the schedule is to be treated as a single schedule, would certainly be doing violence to language itself.
"This Court is reluctant to read words into a penal provision, so as to mulct one of greater damages than the very provisions called for. Had Congress intended to exact a $50 penalty for each sale beyond the *Page 661 
prescribed price, it could have said so in no uncertain vocables. The law deals with reasonable concepts and the statute must be so construed.
"The Emergency Price Control Act of 1942 is a salutary war measure. Its purpose is obvious enough; to prevent avarice and cupidity on the part of sellers of commodities from getting out of hand and thus prevent an increase of the consumers' hardships. The rising tide of prices had to be checked by legislative enactment. However, no intent can be read into that wise and prudent enactment to establish thereby a sort of gestapo, with each individual consumer an informer, leading to inordinate and unconscionable fines and penalties. Unless the section dealing with penalties commands in unequivocal language, that each individual purchase shall carry a penalty of $50, the conscience of the Court forbids that most harsh interpretation. Since the section does not contain such language, the construction irresistibly leads to the conclusion herein reached.
"The attorney for the O.P.A. lays goodly stress on the thought that the statute referred to is remedial and not penal, and, therefore, calls for a liberal interpretation in favor of plaintiff. With this the Court cannot agree. Liberal is not synonymous with violent. A liberal interpretation is not tantamount to being liberal with the defendant's funds. There should not be such a wide margin of demarcation between law and good morals as the contrary holding would produce. . . . It is the opinion of the Court that, since the defendant violated but two price schedules, each plaintiff herein is entitled to recover a penalty of $50 for each of such violations, or a total of $100 for each plaintiff."
In the instant case, the defendant had but one price schedule, and we think the acts complained of by the plaintiff constitute but a single violation within the meaning of the statute and that the plaintiff is entitled to recover the sum of $50.00, plus reasonable attorney's fees and costs.
In view of the conclusion reached herein, we come to the question of jurisdiction. Under the provisions of the Emergency Price Control Act of 1942, the aggrieved party may bring his action in any court of competent jurisdiction. In Hopkins v. Barnhardt, 223 N.C. 617, 27 S.E.2d 644, we held that a justice of the peace in this State did not have jurisdiction in an action for a penalty plus reasonable attorney's fees to be fixed and awarded by the court. The Superior Court, however, does have jurisdiction in actions to enforce the Emergency Price Control Act of 1942, regardless of the amount of the penalty or penalties demanded in good faith, if in addition thereto the plaintiff seeks to recover reasonable attorney's fees. Jurisdiction is determined by the amount demanded in good faith, Tillery v.Benefit Society, 165 N.C. 262, 80 S.E. 1068, or by the character of the relief *Page 662 
sought, Drainage Commissioners v. Sparks, 179 N.C. 581, 103 S.E. 112, and Canal Co. v. Whitley, 172 N.C. 100, 90 S.E. 1. The statute authorizes the court to award reasonable attorney's fees and the Superior Court, being a court of general jurisdiction, has the power to award such fees. Hopkins v. Barnhardt, supra; In re Will of Howell, 204 N.C. 437,168 S.E. 671. In a recent decision of the Supreme Court of New York, the Court held the awarding of reasonable attorney's fees is mandatory under the provisions of section 205 (e) of the Emergency Price Control Act of 1942, if the plaintiff is successful in the litigation. Aronwald v.Sperber, 53 N.Y. Supp.2d 352.
Except as herein modified, the judgment of the court below is affirmed.
Let the cost be equally divided between the parties.
Modified and affirmed.